Daniel, J.
 

 The Judge charged the Jury
 
 “
 
 that if the conduct of the defendant was such as would induce a man of ordinary firmness to suppose he was about to be stricken, and to strike in self defence, the defendant would by such conduct be guilty of an assault.” We admit that such conduct w ould be s'trong evidence to prove, what every person who relies on the plea of
 
 son assault demesne
 
 must prove
 
 to support
 
 
 *377
 
 his plea, to-wit, that his adversary
 
 first
 
 attempted or to strike him ; but it is not conclusive evidence of that fact: for if it can be collected, notwithstanding appearances to the contrary, that there was not a present purpose to do an injury, there is no assault.
 
 State
 
 v. Davis, 1
 
 Iredell’s Rep.
 
 127.
 

 //The law makes allowance, to some extent, for the angry pas-
 
 f
 
 [sions and infirmities of man. It seems to us, that the words used by the defendant, cotemporaneously with the act of raising his whip, were to be taken into consideration, as tending to qualify that act, and shew that he had no intention to strike. rjffie defendant did not strike, although he had an opportunity to do so, and was not prevented by any other person. The Judge should, as it seems to us, have told the Jury, that if, at the time he raised his whip and made use of the words, “were you not an old man J would knock you down,” the defendant had not a present purpose to strike, in law it was not an assault. We again repeat what was said in Davis’ case. “It is difficult to dráw the precise line which separates violence menaced from violence begun to be executed, for until the execution of it be begun, there can be no assault.” The evils, which the Judge supposed might follow, if the law was different from what he stated it to be, can always be obviated by the offending party’s being bound to his good behaviour. There must be a new trial.
 

 Prr Curiam, New trial awarded.