Pearson, C. J.
 

 It was supposed that “
 
 Davis' case,"
 
 1 Ire., 125, “
 
 Crows case,"
 
 ib., 375, and “
 
 Morgan’s case,"
 
 3 Ire., 186, had settled the doctrine of “ assault,” and no further explication would be required. We are gratified to find that the opinion of the learned Judge, who decided this case in the court below, and of the learned Judge, who decided the case of
 
 Isenhour,
 

 *
 

 which turns on the same point, does not disturb the doctrine established by these cases, so that the question in hand is simply one of application.
 

 An assault is “ an offer or attempt to strike the person of another.” If one aims a blow at another, and it does not take effect, because the party gets out of the way, or it is warded off by a third person, or if one shoots at another and misses, it is an “ attempt to. strike.” Such acts are unequivocal, and in most cases are easily disposed of.
 

 
 *110
 
 But “ an offer to strike ” presents more difficulty. It is often an equivocal act, which may admit of explanation, as is said in “
 
 Davis’ case.”
 
 It is difficult in practice to draw the precise lines which separate violence menaced from violence begun to be executed. “An offer to strike” is an act which is the beginning of the act of striking, and most usually results in a blow, as if one draws back his fist, or raises a stick, it is violence begun to be executed and amounts to an assault, being “ an offer to strike.”
 

 This is the general rule. There are two exceptions:
 

 1st. When the offer is explained by a declaration showing* that it is not the intention of the party to strike, the law makes an allowance for the angry passions of man, and the act is treated as a mere “gesture of passion.” The familiar case of one who in a quarrel laid his hand on his sword and said, “ if it were not
 
 assize
 
 time I would not take such language from you,” and “
 
 Croios case,”
 
 where the defendant raised a whip and said, “ if you were not an old man, I would knock you down,” are instances under this exception.
 

 2d. When the offer is made with a condition precedent, showing that it is not the intention to strike, provided the condition is performed. In these cases a distinction is taken: If the condition be one which the party has a right to impose, the offer to strike unless the condition is complied with, is not an assault; as, if one being forbidden is about to enter my house, and I raise a stick and say, “if you attempt to enter I will knock you down,” there is no assault. But if the condition be one which the party has no right to impose, the offer to strike is an assault, notwithstanding the condition, for no man can take advantage of his own wrong; as, if ■one raises a stick and says, “pull off your hat” — or “deliver up your money, or I will knock you down.”
 

 Those distinctions are settled. The counsel for the defendant seems to have overlooked the fact that there is an exception to these exceptions, to-wit: When the “offer to
 
 *111
 
 strike ” is made with a deadly weapon, the 'law does not allow it to be explained, and will not permit the party to say, “ it was a gesture of anger,” or an offer to kill with a condition precedent which he had a right to impose.
 

 It should be noted that in the “ assize case,’-’ as it is family iarly called, the party laid his hand on his sword, but did
 
 \
 
 not draw it. With that class of cases, horvever, we are not concerned. Our case is that of one who qualifies his offer to strike by a condition which he had a right to impose.
 
 Does the character of the weapon used
 
 make the case an exception to the exception ? We concur with the opinion of his Honor.
 

 If one deliberately, and at the outset, kills another with a deadly weapon, in order to prevent a mere trespass on his property, it is murder.
 
 State
 
 v.
 
 McDonald,
 
 4 Jon., 19;
 
 State
 
 v.
 
 Brandon,
 
 8 Jon., 463. So if one offers to strike rvith a deadly weapon, although he announces his purpose not to finish the act and commit murder, if his terms are instantly complied with (although the terms be such as he has a right to exact by the
 
 “molliter manv.s imposnit”)
 
 he is guilty of an assault; for the putting in use a deadly weapon at the outset, and before resorting to a milder mode of prevention, shows ruthlessness and a wanton * disregard of human life and social duty.
 
 State
 
 v.
 
 Morgan, ubi supra.
 
 In
 
 Morgan's case, McDonald's case,
 
 and
 
 Brandon's case,
 
 the resort to the deadly weapon was at the outset, and the language of the court must be understood in reference to that state of facts. For, as is said by Foster in regard to arrests, 271, “The person having authority to arrest may repel force by force, and if death ensue in the struggle he will be justified. This is founded in reason and public utility, for few men would quietly submit to an arrest if in every case of resistance the party empowered to arrest was obliged to desist and leave the business undone.” So in regard to the right to prevent a trespass.
 

 
 *112
 
 • Our conclusion from all the cases is, that an offer to strike ■with the fist or a stick or a whip, is not an assault, provided there be no present intention to strike, which may be inferred from the declarations of the party and the accompanying circumstances; or provided the intention to strike is made to depend upon a condition precedent which the party has a right to impose; but that an offer to strike with a deadly weapon cannot be thus explained. There is in the nature of things a marked difference between the act of raising a stick or whip and talking about striking-, “with ifs and ands,” and the act of drawing a bowie-knife, or of cocking a pistol and bringing it to bear on the person. The former may be passed over as “ gestures of anger,” but the latter cannot be explained away in that manner, and the law could not tolerate such acts and be true to itself.
 

 There is no error. This will be certified.
 

 Per Curiam. Judgment affirmed.
 

 *
 

 Decided at this term, and not reported.