## THE STATE *v.* JOSEPH BAKER.

Where a defendant went to the prosecutor and said " I once thought we
were friends, but I understand you have said thus and so about me,
and you have to take it back." The prosecutor refused to take it back,
whereupon the defendant put his hand open and flat on the prosecu-
tor's breast, and pushed him back some steps, when he fell over a flour
barrel, *it was held,* to be an assault and battery.

This was an indictment for an assault and battery, tried
before his Honor, *Judge Cloud,* at the last Spring Term of
Rowan Superior Court.

The testimony on the trial was that the parties were at a
country store; that the defendant approached the prosecu-
tor, and said, " I once thought we were friends, but I under-
stand you have said thus and so about me, and you have got
to take it back." The prosecutor said in reply, " that he
would not take back anything that he had said," whereupon,
the defendant put his hand, opened and flat, on the prose-
cutor's breast and pushed him back some steps, when the
prosecutor fell over a flour barrel.

This was the only testimony, and his Honor told the jury
that if they believed it, the defendant was guilty. The jury
returned a verdict of guilty accordingly, and the defendant
appealed.

*Boyden & Bailey,* for the defendant.
*Attorney General,* for the State.

READE, J. The defendant went up to the prosecutor and
said, " I once thought we were friends, but I understand
you have said thus and so about me, and you have got to
take it back." The prosecutor refused to take it back,
"whereupon the defendant put his hand, open and flat, on
the prosecutor's breast and pushed him back some steps,
when he fell over a flour barrel."

At first sight this seems to be so indisputably an assault and battery, that, lest it be supposed that the defendant is encumbering the Court with trifles, it is necessary to state the ingenious shifts of his learned counsel in presenting his case.

I. " It was at a country store where politeness is not a commodity." Suppose this to be so, and make full allowance for country manners, still, there may be " rudeness " at a country store ; and if this was not, then rudeness cannot be.

II. " The hand was open." So it would have been if he had slapped his face.

III. " Whether it was ' rudeness ' was a question for the jury—putting the hand on being an equivocal act and might have been friendly."

Suppose the facts testified to had been embodied in a special verdict, would it not have been for the Court to say whether they made a case of guilty ? Doubless. The facts were not disputed, and, therefore, they had the same force as a special verdict. It is true that *a* laying on of the hand may be friendly, but here the defendant said at the time that it was not in friendship. " I once thought we were friends," said he. And he preceded the act by a threat. And the act itself was so violent and insolent as to make it unequivocal. At any rate, if it was intended as an innocent familiarity, in consonance with country manners and local custom, it ought to have been proved to have been so, by the defendant—the burden of proof was on him.

There is no error. Let this be certified.

PER CURIAM.                    Judgment affirmed.