## STATE *v.* NANCY HONEYCUTT.

Where, on a trial for a capital felony, the jury has had the case for six days, and on Saturday of the second week of the term, they come into court, and being polled by his Honor, he finds as a fact that they cannot agree; *Held,* that the Judge below did not err in withdrawing a juror and directing a mistrial to be entered; and further, that the prisoner, on that account, was not entitled to be discharged.

(*Price's case,* 63 N. C. Rep. 529; *State* v. *Allman,* 64 N. C Rep. 364; *State* v. *Baker,* 65 N. C. Rep. 332, and *Jefferson's case,* 66 N. C. Rep. 309, cited and approved.)

INDICTMENT against the mother for killing her bastard child, tried at the Fall Term, 1875, of the Superior Court of YANCEY county, before his Honor, Judge *Henry.*

The case, after argument and the charge of his Honor, was given to the jury on Monday of the second week of the term. His Honor on Saturday, (six days,) polls the jury, and finds as a fact, that they are unable to agree, he directs a juror to be withdrawn and a mistrial entered.

The defendent thereupon moves to be discharged, as being once put in jeopardy ; motion refused, whereupon defendant appeals.

*Bushee & Bushee.* for defendant.
*Attorney General Hargrove,* for the State.

PEARSON, C. J.    In "*Jefferson's* case," 66 N. C., 309, it is declared to be the opinion of the court " by the cases *tate* v. *Price,* 63 N. C. Rep., 529 ; *State* v. *Allman,* 64 N. C. Rep., 364 ; *State* v. *Baker,* 65 N. C. Rep., 332, it is settled, that in a trial for a capital felony, for sufficient cause the Judge may discharge the jury and hold the prisoner for another trial."

That principle being settled, no further discussion of the subject is called for.

In *Jefferson's* case, *sup.*, it is said, " as the case was given to the jury on Tuesday of the second week of the term, we are inclined to the opinion that had his Honor *remained at the court*, until Saturday night (ready to instruct the jury) and then discharged them, the fact that the case had been with the jury four days, and that from declarations of jurors in the presence of the others in open court, before him, he was satisfied the jury would not agree, and that it was useless, and " not necessary for the purposes of the case" to continue the term longer, and had thereupon discharged the jury, there would have been no error."

In the case now before us, these conditions are all strictly complied with. The Judge is present during the entire term. The case had been with the jury for six days, and not four, as in the case supposed, and his Honor not content " with the declarations of some of the jurors in the presence of each other in open court before him," *polls* the jury on that question, and on this evidence finds, as a fact, that the jury could not agree, and orders a discharge of the jury, and that the prisoner he held for trial at the next term.

The supposed state of facts in *Jefferson's* case was fully considered by the members of the court, and although that is a *dictum*, or rather matter used for illustration, after full consultation, we now hold it to be the law of the land.

It follows the prisoner is not entitled to a discharge, and must stand another trial.

This will be certified.

PER CURIAM.                                      *Venire de novo.*