## STATE v. FREEMAN.

(November 20, 1900.)

1. *Appeal—Case on Appeal—Counter Case—Service—Filing—Criminal Law.*

> When counter case of the State has not been served or service acknowledged thereon or filed for more than a month after the State has accepted service of case of defendants, in an appeal by the defendant the counter case will not be considered.

2. *Affray—Elements—Criminal Law.*

> Persons engaged in a friendly scuffle are not guilty of an affray.

3. *Affray—Burden of Proof—Criminal Law.*

> Admission by persons that they were engaged in a friendly scuffle does not shift the burden from the State of proving them guilty of an affray.

INDICTMENT against H. R. Freeman and A. A. McKenzie for an affray, heard by Judge *Thomas J. Shaw* and a jury, at April Term, 1900, of MONTGOMERY Superior Court.

Defendant's statement of case on appeal: All the evidence in the case tended to show that the defendants were under the influence of liquor, and while returning from a fishing party along the public road, in company with various other persons, engaged in a friendly scuffle, when the defendant A. A. McKenzie caught his foot under a pole and fell, and the defendant H. R. McKenzie, also fell over the same pole, and fell on the (other) defendant McKenzie. One Sewell Freeman, who was standing near by, immediately caught the defendant Freeman by the arm, lifted him up and carried him into a lot about twenty yeards away, when the defendant picked up a small stick from the ground, but did not offer or attempt to use the same.

The defendants were introduced and testified in their own behalf. They admitted that they engaged in a scuffle, but declared that they were neither of them mad, and that the engagement was entirely friendly. His Honor, among other things, charged the jury that the defendants, having admitted that they were in a scuffle, that the burden shifted from the State, and the defendants must satisfy the jury that they were not mad and fighting, and that the encounter was a friendly one. To this part of his Honor's charge the defendants excepted. There was a verdict of guilty. Motion for a new trial for error in his Honor's charge. Motion overruled, etc. Defendants appealed.

On back of this statement of case on appeal for defendants was indorsed: "Service accepted without prejudice. This April 18, 1900. Wiley Rush, Solicitor."

STATE'S COUNTER CASE ON APPEAL.

The evidence for the State tended to show that the two defendants, and others, were returning from a fishing frolic, and were under the influence of liquor. That the defendant Freeman called for the jug of whiskey and stopped to treat a party whom they met. That the crowd went on some distance ahead of Freeman to a point in the road where Freeman was to turn off, and the defendant McKenzie, and another one of the party, returned to where Freeman was, and some words about the jug were heard, and, also, cursing from that distance; that McKenzie took hold of Freeman's arm and the other party took the jug from Freeman; that a scuffle between McKenzie and Freemen then began and Freeman fell to the ground and McKenzie went on to him; that one Sewell Freeman, who lived near, but was not of the party, nor a witness before the Court, seeing the difficulty, came, and with the aid of another, took McKenzie off of Freeman, and

together they then took Freeman through the gate into the yard, when Freeman stooped and picked up a stick, but, being remonstrated with by Sewell Freeman, dropped the stick without making any effort to use it.   The State's witness, Wiley Ward, who was at some distance, on cross-examination, testified that he heard cursing in that direction, and saw the scuffle, but did not know whether they were mad or not. The defendants both testified that McKenzie took hold of Freeman's arm; that Freeman stepped back, turned around and fell over a root, and that McKenzie went on and fell over the same root and landed on top of Freeman; that they both lay quietly upon the ground, one on top of the other, with their hands down upon the ground, until Sewell Freeman came to part them; that Sewell Freeman and another took Freeman away, and that he did pick up a stick, but that neither of them were mad.   His Honor, among other things, charged the jury that if the jury found as a fact, beyond a reasonable doubt, from the evidence, that the scuffle, as testified to by the witnesses for the State, occurred, then the burden would shift to the defendants to satisfy the jury that the scuffle was a friendly one, and if the jury should find as a fact, from the evidence by the State, that the scuffle did occur, as testified to by the witnesses, and that the defendants had satisfied the jury that the scuffle was a friendly one, and engaged in by mutual consent, then the jury should return a verdict of not guilty.   To this part of the charge the defendants excepted.

Verdict of guilty of a simple assault.

Motion for a new trial for error in his Honor's charge. Motion overruled, and defendants excepted and appealed from the judgment pronounced.   Notice of appeal waived. On affidavit, the defendants allowed to perfect their appeal without bond.

On back of State's case on appeal was endorsed as follows:

"Service accepted. This April 22, 1900. (No signature.) Filed May 28, 1900. C. A. Armstrong, C. S. C."

From verdict of guilty and judgment, the defendants appealed.

*Zeb. V. Walser,* Attorney-General, for the State.
*Douglass & Simms,* for the defendants.

FURCHES, J.    The defendants, Robert Freeman, Bud McKenzie, Henry Freeman, and Sam McLeod, were indicted for an affray. It seems, from the record, that all four of the defendants were put on trial, and the jury, "for their verdict, say they find the defendants guilty of simple assault. Judgment: Defendants fined fifty dollars each, and each pay one-fourth of the costs. (State accepted a verdict of not guilty as to defendants Sam McLeod and Henry Freeman.)" And it seems that the defendants Henry Freeman and A. A. McKenzie appealed. It also appears, from the record sent up, that defendants' counsel made up a statement of the case on appeal, service of which was accepted by the Solicitor on the 18th day of April, 1900. There also appears to be a counter case made by the Solicitor, which was never served, nor was service accepted by defendants, or their attorneys, but on the back of which is marked, "Filed May 28, 1900."

The counter case not having been served, or acknowledged, and not having been filed until the 28th of May, more than a month after service was accepted by defendants, the counter case on appeal was too late, even if we were to hold that the word "Filed" of itself was sufficient to comply with the statute (sec. 550 of The Code). We will therefore have to be governed by the case made by the defendants; and, as we have to be governed by the defendants' statement of the case, we will say that, while there is some difference in the state-

ment of facts in the two cases, there is very little difference
in that part of them upon which our opinion is based.    The
"case" states that "all the evidence in the case tended to show
that the defendants were under the influence of liquor, and
while returning from a fishing party along the public road,
in company with various other parties, engaged in a friendly
scuffle, when the defendant A. A. McKenzie caught his foot
under a pole and fell, and the defendant W. R. McKenzie
also fell over the same pole, and fell on the defendant Mc-
Kenzie.    One Sewell Freeman, who was standing near by,
immediately caught the defendant Freeman by the arm,
lifted him up ,and carried him into a lot about twenty yards
away, when the defendant picked up a small stick from the
ground, but did not offer or attempt to use the stick.    The
defendants were introduced, and testified in their own behalf.
They admitted that they engaged in a scuffle, but declared
that they were not mad, and that the engagement was en-
tirely friendly.    His Honor, among other things, charged the
jury that, the defendants having admitted that they were in a
scuffle, the burden shifted from the State, and the defendants
must satisfy the jury that they were not mad and fighting,
and that the encounter was a friendly one.    To this part of
his Honor's charge, defendants excepted."    The charge in
this bill is an affray by fighting together in a public place.
There must have been a fighting—an affray—before there
could be a criminal offense.    *State v. Crow,* 23 N. C., 375.
This must be admitted by the defendants, or found from the
evidence by the jury, and the burden is on the State.    Every
man is presumed to be innocent until he confesses his guilt,
or is found guilty by a jury of his country.    The defendants
did not confess their guilt.    Indeed, they denied it.    It can
not be that parties "engaged in a friendly scuffle" are guilty
of an affray, and this is all that they admitted.    We see very

STATE *v.* FREEMAN.

little, if any, evidence of an affray. But, if there had been ever so much, it was still for the jury to say whether there was an affray or not. *State v. Baker,* 65 N. C., 332. That is, whether the defendants were mad and fighting or not. We know that the law is that where two or more parties are indicted for·an affray, and the affray (the criminal offense) is admitted, or found from the evidence, then the burden is shifted, and thrown upon any one of the parties engaged in the affray to justify or excuse himself from guilt. But this only takes place after the offense is established. To apply this rule before a breach of the peace has been established would be to compel the defendant to prove himself innocent of the charge preferred against him by the State. This is in violation of the constitutional rights of every freeman, and is not the law. If the Judge thought there was enough evidence to carry the case to the jury, he might have properly charged them that if they found, from the evidence, that the defendants were mad and were fighting, and not scuffling (with proper explanation as to what was a fight—an affray), then the burden changed, and if any or either one of them was not guilty, the burden was on him to show he was not. If it was only a friendly scuffle, it was a pretty dear one to them—$50 each, and one-fourth each of the costs. There was error, for which there must be a new trial.

Error.