STATE OF NORTH CAROLINA v. DOROTHY ROBERSON

No. 7814SC313

(Filed 29 August 1978)

1. **Assault and Battery § 14— communicating a threat—threat to hit with rock**

   The State's evidence was sufficient for the jury in a prosecution for communicating a threat in violation of G.S. 14-277.1 where it tended to show that defendant threatened to hit the victim with a rock if the victim attempted to continue trimming branches from defendant's rose bushes which extended across defendant's property line and hung over the victim's driveway, since defendant could be held liable under the statute for conditional threats where the condition was one which she had no right to impose.

2. **Assault and Battery § 13; Criminal Law § 65— communicating a threat—defendant's mental state**

   In a prosecution for communicating a threat, evidence regarding defendant's apparent mental state was relevant to a determination of whether the victim believed the threat would be carried out, and the trial judge did not express an opinion as to defendant's credibility when he stated that there was evidence to show that defendant was emotional and upset when the events occurred.

3. **Assault and Battery § 13— communicating a threat—right to trim overhanging rose bushes**

   In a prosecution for communicating a threat by threatening to hit the victim with a rock if she continued to trim rose bushes belonging to defendant, evidence that the victim was on her property when the events occurred was relevant to a determination of whether the victim was within her rights in attempting to trim the rose bushes; furthermore, the trial court properly instructed the jury that the victim had a legal right to trim overhanging branches in her yard even though the roots of the plant might be growing on someone else's land.

APPEAL by defendant from *Bailey, Judge.* Judgment entered 23 November 1977 in Superior Court, DURHAM County. Heard in the Court of Appeals 18 August 1978.

Defendant was charged with communicating threats in violation of G.S. 14-277.1. After trial in district court, she appealed to superior court.

At trial in superior court, the State presented evidence to show that rose bushes on defendant's land had grown until their branches extended across defendant's property line over the driveway belonging to defendant's neighbor, Cora Ives. The overhanging branches with their thorns made it difficult for Mrs.

Ives to get in and out of her car. For that reason she sought assistance from another neighbor, George Harris, to trim the branches hanging over her driveway. When Harris began trimming, defendant came out of her house and directed him to stop. Mrs. Ives told defendant that Harris was only going to trim enough to permit her to get in and out of her car, but defendant "wouldn't hear of it and started one of her tantrums." Harris and Mrs. Ives retreated onto the porch of the Ives residence, whereupon defendant came onto Mrs. Ives's driveway, picked up a rock, and told Mrs. Ives, " 'If you come any closer, I will hit you with it.' " The disturbance ended when an officer arrived.

The jury found defendant guilty as charged. The judgment imposed a sentence of imprisonment, suspended upon the condition that defendant abide by terms of probation. Defendant appealed.

*Attorney General Edmisten by Assistant Attorney General William B. Ray and Deputy Attorney General William W. Melvin for the State.*

*James B. Maxwell for defendant appellant.*

PARKER, Judge.

[1]  Defendant first assigns error to the court's denial of her motions for nonsuit. Relying on *State v. Hall,* 251 N.C. 211, 110 S.E. 2d 868 (1959), defendant first contends that a person may not be punished for an offense he may commit in the future. The conduct proscribed by G.S. 14-277.1, however, is the making and communicating of the threat in the manner described in the statute, with no requirement that the threat be carried out. Here, there was ample evidence from which the jury could find that the threat was made and communicated by defendant "in a manner and under circumstances which would cause a reasonable person to believe that the threat [was] likely to be carried out" and that "[t]he person threatened believe[d] that the threat [would] be carried out." This was all that was required to show a violation of G.S. 14-277.1.

We do not accept defendant's contention that no violation of the statute occurred because her threat to Mrs. Ives, though completed, was a conditional threat made under circumstances such that it did not actually amount to a threat.

First, the evidence shows that the threat was a genuine threat and was perceived as such. Threatening language can amount to an offer to injure a person even though it is a conditional offer. The condition, "[i]f you come any closer," can have a reasonable likelihood of occurring and does not negate an intention to carry out the threat. Such a condition is distinguishable from the condition imposed in the statement, " 'Were you not an old man, I would knock you down.' " The condition imposed in this latter statement is so restrictive as to indicate that there may actually have been no present intention to knock the old man down. *State v. Crow*, 23 N.C. 375 (1841). Not only do the terms of the threat shown by the evidence in the present case indicate an intention to carry out the threat, but also the surrounding circumstances show that Mrs. Ives reasonably perceived the threat as genuine. Defendant and Mrs. Ives had previously been involved in similar disputes involving the rose bushes. One dispute occurred a year prior to the present incident, and another occurred just two days earlier. In each instance, Mrs. Ives found it necessary to refrain from cutting the bushes. In the incident which led to this action, defendant's threat was preceded by "one of her tantrums," and her actions caused Mrs. Ives and George Harris to stop cutting the bushes and to withdraw onto Mrs. Ives's porch. When the officer arrived, defendant told him that she would use the rock "if she had to."

Secondly, defendant's threat to hit Mrs. Ives with a rock did not become lawful merely because defendant indicated she had no intention to strike if Mrs. Ives did not "come any closer." Admittedly, the threat gave Mrs. Ives the power to avoid the threatened consequences by simply complying with the condition imposed by defendant. The condition, however, was one which defendant had no right to impose. The terms of the threat coupled with other evidence show that defendant, who came onto Mrs. Ives's land to accomplish her purpose, was threatening to hit Mrs. Ives unless she stopped cutting the overhanging rose bushes. Mrs. Ives had the legal right to be on her own land and to trim defendant's rose bushes to the extent they were hanging over Mrs. Ives's land. Annot., 18 A.L.R. 655 (1922), *supplemented in* Annot., 76 A.L.R. 1111 (1932) *and* Annot., 128 A.L.R. 1221 (1940). Applying principles long established in cases involving assault, *see State v. Douglas*, 268 N.C. 267, 150 S.E. 2d 412 (1966); *State v. Horne*, 92

N.C. 805 (1885); *State v. Myerfield,* 61 N.C. 108 (1867), defendant
may be held liable under G.S. 14-277.1 for conditional threats
where, as here, the condition is one which she had no right to im-
pose. Defendant's first assignment of error is overruled.

Defendant's remaining assignments of error are directed to
comments by the trial judge. Her first contention is that the
judge made a comment to the district attorney during her cross-
examination which tended to cast doubt upon her credibility as a
witness. We perceive no such intimation of opinion in the state-
ment. The record contains only a fragment of a sentence. The rest
of the statement was inaudible, rendering the audible portion vir-
tually meaningless.

[2] Defendant next contends that the judge, in summarizing the
evidence for the jury, expressed an opinion as to defendant's
credibility when he stated that there was evidence to show that
defendant was emotional and upset. We disagree. The State
presented evidence that defendant was emotional and upset when
the events occurred, and, as the judge instructed the jury,
evidence regarding defendant's apparent mental state was rele-
vant to a determination of whether Mrs. Ives believed the threat
would be carried out.

[3] The judge also instructed the jury that there was evidence
that Mrs. Ives was on her property when the events occurred.
Again, this instruction is supported by uncontradicted evidence in
the record, and, contrary to defendant's contention, such evidence
is relevant to a determination of whether Mrs. Ives was within
her rights in attempting to trim the rose bushes.

Finally, defendant contends that the judge committed error
in instructing the jury that Mrs. Ives had a legal right to trim
overhanging branches in her yard even though the roots of the
plant might be growing on someone else's land. This is a correct
statement of the law. It was also relevant to a determination of
whether defendant had a right to prevent Mrs. Ives from trim-
ming the rose bushes.

Defendant's assignments of error directed to comments by the trial judge are overruled. In defendant's trial and in the judgment entered, we find

No error.

Judges CLARK and ERWIN concur.