STATE OF NORTH CAROLINA v. JOHNNY CLIFTON EVANS

No. 7814SC1040

(Filed 17 April 1979)

1. **Constitutional Law § 34— assault by pointing gun—communicating threats— one incident—two offenses—no double jeopardy**

    Defendant was not subjected to double jeopardy where he was charged with communicating threats, a violation of G.S. 14-277.1, and assault by pointing a gun, a violation of G.S. 14-34, though the two charges arose out of the same incident, since the elements of the two offenses differed.

2. **Assault and Battery § 15— communicating a threat—instructions proper**

    In a prosecution for communicating a threat, the trial court did not err in instructing the jury only that it must find that the threat was communicated orally, and failing to instruct that the threat could be communicated "by any other means," as provided in G.S. 14-277.1(a)(2).

ON *certiorari* to review an order of *Hobgood, Judge*. Judgment entered 28 November 1977 in Superior Court, DURHAM County. Heard in the Court of Appeals 8 February 1979.

Defendant was charged with a violation of G.S. 14-277.1, communicating a threat, and a violation of G.S. 14-34, assault by pointing a gun. Defendant moved to require the State to elect between the two charges. He claimed that both charges arose out of the same act and that the charge of communicating threats was a lesser included offense of the charge of assault by pointing a gun. This motion was denied and the case proceeded to trial.

The State's evidence tends to show that on 3 June 1977, Thomas Dolby, a medical technician, was sitting in his ambulance in a parking lot next to the Haufbrau, a beer place, on Broad Street in Durham. Defendant came out of the Haufbrau, recognized Dolby and walked up to his window. Defendant, who had been drinking, called Dolby names. He walked two to three car lengths away from the ambulance, pulled a gun out of his belt, pointed it at Dolby, and told Dolby, "I'm going to kill you." Dolby ducked down into the ambulance and called for help on his radio. During this time the defendant was waving his gun and cursing. Defendant and his partner got into a Volkswagen and drove off. Dolby and several other ambulances followed them. At one point, the Volkswagen stopped in the middle of the street, defendant got out, pointed his gun at Dolby's ambulance, and said, "If you don't get off . . . I'm going to kill you." The defendant got back into the car and drove off. Dolby saw the defendant throw something out of the window. The police finally stopped the defendant and arrested him.

At this point, a *voir dire* hearing was conducted to determine the identity of the gun. Dolby testified that the gun, marked as State's Exhibit One, looked like the gun that the defendant pointed at him. Officer Knight, a public safety supervisor, testified on *voir dire* that, upon responding to a call, he saw an old model Volkswagen being followed by four or five ambulances. He drove in behind the Volkswagen on Sedgefield Street and saw a small, dark object being thrown out of the passenger side of the Volkswagen. The object landed on a grassy median at the intersection of Forest Road and Sedgefield Street. Knight followed the Volkswagen approximately 300 yards until it stopped. The two occupants of the Volkswagen had not changed seats and the defendant was sitting in the passenger seat. Knight asked one of the ambulance drivers to go to the location where he saw the object land and stand by. Knight went to that median approximately ten to fifteen minutes later and found a gun lying on the ground close to where he saw the object thrown. Knight identified State's Exhibit One as the same gun he found on the ground by the serial number. The court ruled that the gun was admissible as evidence.

Dolby testified, in the jury's presence, that he remembered the gun had a brown handle when he saw the defendant holding

it. He believed that State's Exhibit One was the gun pointed at him; it looked like that gun. Officer Knight testified as he had on *voir dire*. He stated that the gun had been in the property room of the Durham Police Department since the time it was recovered. The gun was offered into evidence over defendant's objection.

Defendant was convicted of assault by pointing a gun and communicating threats. From a judgment imposing two six months' jail sentences to run concurrently, defendant gave notice of appeal. He failed to perfect the appeal and the same was dismissed. We allowed defendant's present court-appointed counsel's petition for review by *certiorari*.

*Attorney General Edmisten, by Assistant Attorney General William Woodward Webb, for the State.*

*Loflin, Loflin, Galloway, Leary and Acker, by James R. Acker, for defendant appellant.*

VAUGHN, Judge.

[1] Defendant first contends that the trial court erred in imposing judgment on both charges because the result is that he has been twice convicted and sentenced for the same criminal act. In case number 77CRS12277, defendant was charged with having

> "unlawfully and willfully threaten to (physically injure the person) . . . of Thomas Dolby. The threat was communicated to the person by Johnny Evans, orally stating that he would kill Thomas Dolby, during the time that he had a pistol drawn and pointed at Thomas Dolby, and the threat was made in a manner and under circumstances which would cause a reasonable person to believe that the threat was likely to be carried out and the person threatened believed that the threat would be carried out, in violation of GS 14-277.1."

In case number 77CRS12278, it was charged that defendant "did unlawfully, willfully, . . . assault Thomas Dolby by intentionally pointing a gun . . . at such person without legal justification in violation of the following law: GS 14-34."

These warrants charge two separate offenses. G.S. 14-34 provides that "[i]f any person shall point any gun or pistol at any per-

son, either in fun or otherwise, whether such gun or pistol be loaded or not loaded, he shall be guilty of an assault." The gun must be pointed intentionally and not accidentally. *State v. Kluckhohn*, 243 N.C. 306, 90 S.E. 2d 768 (1956). The elements of the crime of communicating a threat are set out in G.S. 14-277.1, as follows.

"(1) [A person] wilfully threatens to physically injure the person or damage the property of another;

(2) The threat is communicated to the other person, orally, in writing, or by any other means;

(3) The threat is made in a manner and under circumstances which would cause a reasonable person to believe that the threat is likely to be carried out; and

(4) The person threatened believes that the threat will be carried out."

In the present case, the offense of pointing a gun was complete as soon as the defendant pointed the gun at Dolby. He could have done it in fun or without any belief on the part of Dolby that the threatened act would have been executed. Communicating a threat, however, requires more than just the pointing of the gun. There must be, among other things, the additional elements of a wilful threat to physically injure another and an actual and reasonable belief on the part of the victim that the threat would be carried out. In *State v. Roberson*, 37 N.C. App. 714, 247 S.E. 2d 8 (1978), the surrounding circumstances making it likely that the threat would be carried out included prior altercations between the defendant and the victim as well as the fact that the defendant held a rock in her hand with which she threatened to hit the victim. In the present case, evidence was presented which showed that there had been "bad blood" between the defendant and Dolby. This fact, in addition to the presence of the gun, would have been sufficient surrounding circumstances to make it likely that the threat would be carried out. It would not have been necessary for the defendant to have pointed the gun at Dolby.

Defendant relies on *State v. Summrell*, 282 N.C. 157, 192 S.E. 2d 569 (1972). In *Summrell*, defendant was charged with resisting arrest and assaulting an officer. Both charges arose out of one event, the defendant assaulted an officer who was trying to arrest

him. "The assaults were 'the means by which the officer was resisted.'" *State v. Summrell, supra,* at 173. As the Court stated, "[t]he warrants themselves indicate duplicate charges. Each warrant included all the elements of the offense charged in the other, and each specified only acts of violence which defendant directed at the officer's person while he was attempting to hold defendant in custody." *State v. Summrell, supra,* at 173. *Summrell* is distinguishable from the case at bar. Defendant was charged with communicating threats while pointing a gun and assault by pointing a gun. Although the two charges arose out of the same incident, as we have pointed out the elements of the charge of assault by pointing a gun differ from the elements of the charge of communicating a threat.

**[2]** Defendant next contends that the court erred in instructing the jury that

"for you to find the defendant guilty of communicating threats towards Dolby on said occasion, the state must prove four things beyond a reasonable doubt; that, he, the defendant, wilfully threatened physical injury to the person of Dolby; second, that the threat is communicated to Dolby by telling him orally on said occasion; third, that the threat was made in a manner and under circumstances which would cause a reasonable person to believe that the threat is likely to be carried out; and fourth, that the person threatened believed that the threat will be carried out."

Defendant claims error because the trial court instructed that the threat must be proven to have been communicated orally. G.S. 14-277.1(a)(2), requires that the threat be communicated "orally, in writing, or by any other means." In failing to instruct the jury that the threat could be communicated "by any other means," defendant contends that the judge foreclosed the jury's right to find that the threat was communicated by the pointing of the gun and, therefore, defendant could be found guilty of only one charge. The argument is without merit.

Defendant's final assignment of error is directed to the admission of the gun into evidence. Defendant contends that the gun was not properly identified as the one used in the crimes charged. This assignment of error is without merit. The gun was relevant

to the offenses charged and sufficient evidence was presented to support the conclusion that the gun was the one used by the defendant. *State v. Battle*, 4 N.C. App. 588, 167 S.E. 2d 476 (1969).

Defendant's appeal fails to disclose prejudicial error.

No error.

Judges HEDRICK and CLARK concur.