STATE OF NORTH CAROLINA v. JACK RANDALL ELLEDGE

No. 8523SC1120

(Filed 20 May 1986)

**Criminal Law § 34.4— communicating threats—evidence of prior offenses—admissibility**

 In a prosecution of defendant for communicating threats to his estranged wife, the trial court did not err in allowing testimony that defendant had broken into his wife's house and assaulted her on earlier occasions, since the evidence was admissible to show that the threats in question were made in a manner and under circumstances which would cause a reasonable person to believe that the threats were likely to be carried out and the person threatened believed they would be carried out. N.C.G.S. 8C-1, Rule 404(b).

APPEAL by defendant from *Wood, Judge.* Judgment entered 11 June 1985 in Superior Court, WILKES County. Heard in the Court of Appeals 13 February 1986.

*Attorney General Thornburg, by Assistant Attorney General Edmond W. Caldwell, Jr. and Special Deputy Attorney General Charles J. Murray, for the State.*

*Ferree, Cunningham & Gray, by William C. Gray, Jr., for defendant appellant.*

PHILLIPS, Judge.

Following appeal from the District Court and a trial *de novo* in the Superior Court defendant was convicted of the misde-

meanor of communicating threats to his estranged wife in viola-
tion of G.S. 14-277.1. The State's evidence, in gist, tended to show
that: He had broken into her house and assaulted her on previous
occasions and about 4 o'clock in the morning on 1 December 1984
he telephoned her stating, among other things, "that I had better
get that man out of my bed or he was going to come down and
blow my brains out" and "that he would bring the Northwest
Housing Authority to throw me out." None of defendant's four
assignments of error have merit and two of them have no basis in
the record. The assignment asserting that the court erred in
refusing to let defendant's mother testify as to the condition of a
door that defendant purportedly damaged on an earlier occasion
is not supported by an offer of proof showing what her testimony
would have been. *State v. Satterfield,* 300 N.C. 621, 268 S.E. 2d
510 (1980). And the assignment contending that the court erred in
charging the jury is not supported by an objection to the charge,
though the record shows that defendant was given the opportuni-
ty to object before the jury retired to consider the case. Rule
10(b)(2), N.C. Rules of Appellate Procedure. Furthermore, the por-
tion of the charge now complained of was an accurate summary of
the State's evidence and contentions concerning defendant's tele-
phone call.

The defendant did object though to testimony that he had
assaulted his wife on other occasions and contends that this evi-
dence was erroneously received to his prejudice. We disagree. As
pointed out in *State v. McClain,* 240 N.C. 171, 81 S.E. 2d 364
(1954), it has long been our law that evidence which reasonably
tends to prove a material fact in issue is not to be rejected mere-
ly because it also tends to show that the defendant had commit-
ted another crime. In enacting the Evidence Code, Chapter 8C of
the General Statutes, this long followed principle was brought
forward by Rule 404(b), which expressly provides that evidence of
other crimes, wrongs or acts may be admissible for purposes
other than proving the character of a person. The crime of com-
municating threats under G.S. 14-277.1 involves more than making
a threat to injure one's person or property and communicating it
to the other person; it is also necessary, as the statute expressly
provides, that the threat was made "in a manner and under cir-
cumstances which would cause a reasonable person to believe
that the threat is likely to be carried out" and that "[t]he person

threatened believes that the threat will be carried out." Evidence that on earlier occasions defendant had broken into his wife's house and assaulted her certainly tended to prove these two elements of the offense and its receipt did not violate Rule 404(b) of the N.C. Rules of Evidence, as defendant contends. All that Rule 404(b) forbids is receiving evidence of other crimes, wrongs or acts to "prove the character of a person in order to show that he acted in conformity therewith." The evidence in question was not received to prove defendant's character; it was received to prove two facts necessary for his conviction.

Defendant's other assignment concerns an out of court statement purportedly made by a doctor in committing defendant to Broughton Hospital for observation after his wife "took out the papers to put in D-tox," a 24-hour holding facility for alleged drug and alcohol addicts awaiting a hearing. While defendant objected to the statement that he was "too violent" for the detoxification unit, that defendant was sent to Broughton Hospital and his wife's testimony that he "jumped on the doctors" who made the statement were not objected to. Assuming *arguendo* that the statement was improper hearsay, in our opinion it merely supplemented and explained information that the jury already had and could not have affected their verdict. *State v. King*, 301 N.C. 186, 270 S.E. 2d 98 (1980).

No error.

Judges ARNOLD and EAGLES concur.