STATE OF NORTH CAROLINA v. JOSHUA MICHAEL MORTIMER

No. COA00-131

(Filed 20 February 2001)

**Crimes, Other— communicating threats—sufficiency of evidence**

The trial court erred by denying defendant's motion to dismiss the charge of communicating threats under N.C.G.S. § 14-277.1 based on defendant's action of placing a screen saver on a school computer stating "the end is near" when the school was in a state of fear over the recent tragedy at another school and local rumors of bomb threats, because: (1) the statement "the end is near" does not constitute a threat to injure a person or damage property when the meaning of the statement is impossible to ascertain; (2) defendant was never connected with any of the alleged bomb threats at the school; and (3) there was no evidence defendant had any plans to physically injure anyone or damage school property.

Appeal by defendant from judgment entered 29 September 1999 by Judge W. Allen Cobb, Jr., in New Hanover County Superior Court. Heard in the Court of Appeals 22 January 2001.

*Attorney General Michael F. Easley, by Assistant Attorney General Ted R. Williams, for the State.*

*Sofie W. Hosford for defendant-appellant.*

*Seth H. Jaffe and Deborah K. Ross for the American Civil Liberties Union of North Carolina Legal Foundation, Inc., amicus curiae.*

HUDSON, Judge.

Defendant appeals his conviction of the crime of communicating threats. He primarily contends the trial court erred in denying his motion to dismiss the charge for insufficiency of evidence. We agree.

Facts surrounding the case are as follows: on 20 April 1999, two students at Columbine High School near Littleton, Colorado, went on a shooting and bombing rampage, killing twelve fellow students, a teacher, and finally themselves. After this tragedy, school officials, students, and parents across the nation were afraid that copycat

crimes would occur in their own schools. Hoggard High School in New Hanover County, North Carolina, was no exception.

Shortly after the killings at Columbine, rumors began to circulate throughout the student body that Hoggard High School was to be bombed on 4 May 1999. Principal Wright Anderson asked parents to come to school and patrol the halls on that day to help students feel safe. Still, on May 4th, over 500 students were absent from the 2500-person school, which had a normal absentee rate of about 120.

On the morning of May 4th, a student in Mr. Ostrowski's keyboarding class discovered a screen saver on one computer which stated, "The end is near." Mr. Ostrowski contacted the police officer assigned to work with Hoggard High School. Police investigators discovered the screen saver had been created by student Joshua Mortimer, the defendant. Detective Leon Kerr testified at trial that defendant admitted having written the message and that defendant said he "didn't mean anything by it. He put it on there for the meaning of the end of the school year or the end of time, or whatever." Detective Kerr testified he knew the screen saver was a prank; however, he subsequently charged defendant with the crime of communicating a threat.

At the close of the State's evidence at trial, and again at the close of all the evidence, defendant made motions to dismiss the charge, which motions were denied. The jury found defendant guilty as charged. Defendant appealed his conviction to this Court 29 September 1999.

In ruling on a motion to dismiss, the trial court must decide whether there is substantial evidence as to each essential element of the offense charged, and that the defendant was the person who committed the offense. *See State v. Powell,* 299 N.C. 95, 261 S.E.2d 114 (1980). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See State v. Smith,* 300 N.C. 71, 265 S.E.2d 164 (1980). Moreover, the evidence is to be viewed in the light most favorable to the State. *See State v. Bright,* 301 N.C. 243, 271 S.E.2d 368 (1980).

The crime of communicating threats was set forth at N.C.G.S. § 14-277.1 during the relevant time period as follows (it has since been amended):

(a) A person is guilty of a Class 1 misdemeanor if without lawful authority:

(1) He willfully threatens to physically injure the person or damage the property of another;

(2) The threat is communicated to the other person, orally, in writing, or by any other means;

(3) The threat is made in a manner and under circumstances which would cause a reasonable person to believe that the threat is likely to be carried out; and

(4) The person threatened believes that the threat will be carried out.

Defendant contends the State failed to produce sufficient evidence of any of the above four elements to enable a jury to convict him. First, defendant argues the statement "the end is near" does not constitute a threat to injure a person or damage property. We agree.

The meaning of the statement "the end is near" is impossible to ascertain. The end of *what* is near? Who will bring about the "end" and how? Numerous state witnesses testified at defendant's trial that they did not know what the statement meant. Given the context in which the statement was written—Hoggard High School was in a state of fear over the tragedy at Columbine and local rumors of bomb threats—one possible interpretation of "the end is near" is that the writer intended to bomb the school. However, the leap to such a conclusion beyond a reasonable doubt is extremely speculative and, we think, not a reasonable inference.

Given the context, the students and teacher who read the screen saver were justifiedly afraid about what it *could* mean. However, of the principal, teacher, school police officer, and four students who testified they read the screen saver, only one person could articulate what he or she thought the statement actually threatened. Student Adam Horne testified, "I thought it was about the bomb." Even Horne's explanation begs the question of what the message meant. Horne did not say he thought the writer intended to bomb the school. Rather, his testimony could as easily have meant he thought the screen saver author was a student expressing his fear that some *other* person was going to bomb the school.

Moreover, it is significant that defendant was never connected with any of the alleged bomb threats at the school. There was no evidence defendant had any plans to physically injure anyone or damage

school property. He had exhibited good behavior at the school prior to this incident. The arresting officer testified he determined the message written on the computer was "a prank."

In contrast to the present situation, past reported decisions upholding the crime of communicating threats have involved threats clearly stating what the speaker intended to do. For example, in *State v. Roberson*, 37 N.C. App. 714, 715, 247 S.E.2d 8, 9 (1978), the defendant picked up a rock and told her neighbor, "If you come any closer, I will hit you with it." In *State v. Evans*, 40 N.C. App. 730, 731, 253 S.E.2d 590, 591, *appeal dismissed*, 297 N.C. 456, 256 S.E.2d 809 (1979), the defendant pointed a gun at someone and said, "I'm going to kill you." *See also State v. Cunningham*, 344 N.C. 341, 360, 474 S.E.2d 772, 781 (1996) ("Hit me with that flashlight and I'll cut you a flip."); *State v. Elledge*, 80 N.C. App. 714, 715, 343 S.E.2d 549, 550 (1986) ("I had better get that man out of my bed or he was going to come down and blow my brains out."); *State v. Dixon*, 77 N.C. App. 27, 29, 334 S.E.2d 433, 435 (1985) ("Don't move. I'll blow your fucking brains out."); *State v. Zigler*, 42 N.C. App. 148, 151, 256 S.E.2d 479, 481 (1979) ("There are two of you dudes that need killing . . . Someone is going to have to do you in, and I decided that it was going to be me . . . .").

In *Roberson*, this Court found significant that "the terms of the threat . . . indicate[d] an intention to carry out the threat." 37 N.C. App. at 716, 247 S.E.2d at 10. Such an indication is absent from the present case. The statement "the end is near" does not indicate what, if *anything*, the speaker intends to do.

In conclusion, we agree with defendant that the State failed to present substantial evidence of the first element of the crime of communicating threats—that defendant willfully threatened to physically injure the person or damage the property of another. Without proving this element, the State could not meet its burden, and the trial court should have granted defendant's motion to dismiss the charge.

Since we are able to resolve this case by examining only the first element of the crime of communicating threats, we decline to address defendant's argument that the State did not produce sufficient evidence of any of the remaining elements. Furthermore, we need not address defendant's additional assignments of error, including whether certain evidence was improperly admitted under N.C.R. Evid. 404(b) and whether defendant's constitutional right to free speech was violated.

Reversed and vacated.

Chief Judge EAGLES and Judge SMITH concur.