INMAN, Judge.
Malcolm Glenn Lamberth, Sr. ("Defendant") appeals from judgment entered upon his conviction for communicating threats. On appeal, Defendant contends that the indictment was insufficient to confer subject matter jurisdiction upon the trial court and that the trial court erred by denying his motion to dismiss the charge of communicating threats. After reviewing the record and applicable law, we find no error.
Factual and Procedural Background
At trial, the evidence tended to show the following:
On 17 July 2017, Defendant was tried in Person County Criminal Superior Court on the following charges: (1) three counts of dissemination of obscenity; (2) one count of intimidating a witness; (3) one count of obstruction of justice; (4) one count of communicating threats; and (5) one count of stalking.
In 1994, Defendant was convicted for murdering his brother, James Lamberth. Mr. Lamberth was survived by three children, including his daughter, Laura Lamberth Burton ("Mrs. Burton"). After serving six years of his fifteen-year sentence, Defendant was released from prison in 2000.
In 2004, Mrs. Burton and her husband, Eddie Burton ("Mr. Burton"), attended a musical event at Palace Pointe in Roxboro, North Carolina. As they were waiting near the door to meet Mrs. Burton's mother and their daughter, Mr. Burton observed Defendant enter the venue. Mr. Burton approached Defendant and told him not to "mess" with his family. Defendant then left the venue.
In 2015, Defendant obtained a permit for a vendor's booth at Roxboro's annual summer street festival to sell copies of a book he had authored. The book was entitled "Amusing Too" and written under the pseudonym "Imma Writer." In his book, Defendant wrote, "[i]n the year of 1994, I blew my brother's brains out with just one bullet." When Mr. and Mrs. Burton discovered that Defendant would be a vendor at the festival, they spoke with the Chamber of Commerce in an attempt to have Defendant's permit revoked. The Chamber of Commerce also received pressure to revoke Defendant's permit from other citizens of Person County, and, as a result, revoked Defendant's permit and issued him a refund.
In March 2016, Mrs. Burton received a letter postmarked on 1 March 2016. Mrs. Burton testified that she recognized the return address on the envelope as Defendant's address and Defendant's handwriting. The letter read as follows:
Dear Eddie, I once ventured to Palace Point [sic] to attend his show. I bumped into a nice niece-that Big Boy Burton. He said to me, "Stay the fuck away from my family" so now herein I say the very same back if he don't want to be fucked. Roxboro Com School.
Mr. and Mrs. Burton felt threatened by the letter and believed Defendant was capable of inflicting harm on their family. They took the letter to the police.
At the close of the State's evidence, Defendant moved to dismiss all charges. The trial court dismissed the three dissemination of obscenity charges and the stalking charge. On 19 July 2017, the jury found Defendant not guilty of intimidating a witness and obstruction of justice, but found Defendant guilty of communicating threats. The trial court sentenced Defendant to 45 days in jail, suspended the sentence, and imposed unsupervised probation for 60 months. Defendant timely appeals.
Analysis
I. Indictment
In his first argument on appeal, Defendant asserts that the indictment charging him with violating Section 14-277.1 of our General Statutes was insufficient to confer subject matter jurisdiction upon the trial court because it failed to assert facts to support each element of the offense. While acknowledging that there is no North Carolina case addressing the issue of whether an indictment charging the offense of communicating a threat must contain the language of the threat, Defendant argues that the absence of the actual language of the letter failed to apprise him of the exact conduct of which he was accused and violated the requirements of N.C. Gen. Stat. § 15A-924(a)(5) (2017). We are not persuaded.
"[W]here an indictment is alleged to be invalid on its face, thereby depriving the trial court of its jurisdiction, a challenge to that indictment may be made at any time, even if it was not contested in the trial court." State v. Wallace , 351 N.C. 481, 503, 528 S.E.2d 326, 341, cert. denied , 531 U.S. 1018, 148 L.Ed. 2d 498 (2000). On appeal, we review the sufficiency of an indictment de novo . State v. McKoy , 196 N.C. App. 650, 652, 675 S.E.2d 406, 409, appeal dismissed and disc. review denied , 363 N.C. 586, 683 S.E.2d 215 (2009).
Pursuant to Section 15A-924(a)(5), a valid indictment must contain:
A plain and concise factual statement in each count which, without allegations of an evidentiary nature , asserts facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant or defendants of the conduct which is the subject of the accusation.
N.C. Gen. Stat. § 15A-924(a)(5) (emphasis added). The purposes of an indictment "are to identify clearly the crime being charged, thereby putting the accused on reasonable notice to defend against it and prepare for trial, and to protect the accused from being jeopardized by the State more than once for the same crime." State v. Sturdivant , 304 N.C. 293, 311, 283 S.E.2d 719, 731 (1981). "The trial court need not subject the indictment to hyper technical scrutiny with respect to form. The general rule ... is that an indictment for a statutory offense is sufficient, if the offense is charged in the words of the statute, either literally or substantially, or in equivalent words." State v. Simpson , 235 N.C. App. 398, 400-01, 763 S.E.2d 1, 3 (2014) (internal quotation marks and citations omitted).
Pursuant to Section 14-277.1, a person is guilty of communicating threats if, without lawful authority:
(1) He willfully threatens to physically injure the person or that person's child, sibling, spouse, or dependent or willfully threatens to damage the property of another;
(2) The threat is communicated to the other person, orally, in writing, or by any other means;
(3) The threat is made in a manner and under circumstances which would cause a reasonable person to believe that the threat is likely to be carried out; and
(4) The person threatened believes that the threat will be carried out.
N.C. Gen. Stat. § 14-277.1(a).
Here, the indictment charged a violation of Section 14-277.1 and stated that Defendant:
[U]nlawfully and willfully did threaten to injure the person of Eddie Burton. The threat was communicated to Laura Burton, his wife, by mailing a letter threatening bodily harm to him and the threat was made in a manner and under circumstances which would cause a reasonable person to believe that the threat was likely to be carried out and the person threatened believed that the threat would be carried out.
The language of this indictment is plainly couched in the language of Section 14-277.1(a) and alleges the ultimate facts supporting every element of the offense. It is sufficient to identify the crime being charged, to enable Defendant to prepare for trial and present a defense, and to protect Defendant from double jeopardy. Sturdivant , 304 N.C. at 311, 283 S.E.2d at 731. Accordingly, we conclude that the indictment was sufficient to charge the offense of communicating threats.
II. Sufficiency of the Evidence
In his second argument on appeal, Defendant contends that the trial court erred by denying his motion to dismiss the communicating threats charge because the State presented insufficient evidence that Defendant's letter threatened physical injury to Mr. Burton, the first element of the offense. We disagree.
"Upon [a] defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." State v. Fritsch , 351 N.C. 373, 378, 526 S.E.2d 451, 455 (citation and quotation marks omitted), cert. denied , 531 U.S. 890, 148 L.Ed. 2d 150 (2000). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. The evidence must be considered in the light most favorable to the State as the State is entitled to every reasonable inference that might be drawn therefrom." State v. Hardison , 243 N.C. App. 723, 726, 779 S.E.2d 505, 507 (2015) (citation omitted), disc. review denied , 368 N.C. 685, 781 S.E.2d 609 (2016). "Contradictions and discrepancies do not warrant dismissal of the case but are for the jury to resolve." Fritsch , 351 N.C. at 379, 526 S.E.2d at 455. We review a denial of a motion to dismiss de novo . State v. Bagley , 183 N.C. App. 514, 523, 644 S.E.2d 615, 621 (2007).
Defendant cites State v. Mortimer , 142 N.C. App. 321, 542 S.E.2d 330 (2001), to support his argument that his letter "is too vague to be interpreted as a threat of physical violence." In Mortimer , this Court held that the State failed to present sufficient evidence that the defendant communicated a threat to physically injure a person or damage property. Id. at 323, 542 S.E.2d at 331. The evidence showed that rumors circulated through the student body at a high school that the school would be bombed on 4 May 1999. Id. at 322, 542 S.E.2d at 330. On the morning of 4 May 1999, the defendant created a screen saver on a computer in a keyboarding class, which read, "The end is near." Id. at 322, 542 S.E.2d at 330. This Court noted:
The meaning of the statement "the end is near" is impossible to ascertain. The end of what is near? Who will bring about the "end" and how? Numerous state witnesses testified at defendant's trial that they did not know what the statement meant. Given the context in which the statement was written-Hoggard High School was in a state of fear over the tragedy at Columbine and local rumors of bomb threats-one possible interpretation of "the end is near" is that the writer intended to bomb the school. However, the leap to such a conclusion beyond a reasonable doubt is extremely speculative and, we think, not a reasonable inference.
Id. at 323, 542 S.E.2d at 331. Moreover, this Court noted that it was significant that the defendant was never connected to any of the alleged bomb threats at the school; there was no evidence that he had plans to physically injure anyone or damage school property; and that he had exhibited good behavior at the school prior to this incident. Id. at 323-24, 542 S.E.2d at 331.
We find the circumstances in the present case distinguishable from those found in Mortimer . In Mortimer , we held that the meaning of the statement, "The end is near," was impossible to ascertain. Here, however, Defendant's letter specifically referred to "Big Boy Burton," said that Mr. Burton "said to me, 'Stay the fuck away from my family' so now herein I say the very same back if he don't want to be fucked." These statements amounted to a threat to physically injure a named individual, Mr. Burton. While the defendant in Mortimer was never connected to the bomb threats at school and had previously exhibited good behavior, here, Defendant had previously been convicted of murdering Mrs. Burton's father, and Mr. and Mrs. Burton had recently been connected with the revocation of Defendant's festival permit.
Defendant also contends that this case is distinguishable from this Court's holdings in State v. Roberson , 37 N.C. App. 714, 247 S.E.2d 8 (1978), and State v. Evans , 40 N.C. App. 730, 253 S.E.2d 590 (1979), wherein this Court affirmed convictions for communicating a threat. Defendant asserts that, while these cases contained defendants who unambiguously threatened their victims with death or serious injury, his note to Mr. Burton "contain[ed] no such obvious threat of bodily harm."
In Roberson , the defendant picked up a rock and told her neighbor, "If you come any closer, I will hit you with it." Roberson , 37 N.C. App. at 715, 247 S.E.2d at 9. In Evans , the defendant pointed a gun at a person and said, "I'm going to kill you." Evans , 40 N.C. App. at 731, 253 S.E.2d at 591. These cases involved threats clearly stating what the speaker intended to do. While the threat in this case was less direct, given the context of Defendant's note to Mr. Burton, including Defendant's murder of Mrs. Burton's father, there was substantial evidence from which a jury could reasonably conclude what action Defendant intended to take.
Based on the foregoing reasons, there was substantial evidence from which a jury could reasonably conclude that Defendant's letter threatened physical injury to Mr. Burton, and the trial court did not err in denying Defendant's motion to dismiss. Accordingly, we find no error.
NO ERROR.
Report per Rule 30(e).
Chief Judge MCGEE and Judge HUNTER, JR. concur.