STATE OF NORTH CAROLINA v. JIMMY GATTIS JONES AND GRADY CLEE JONES

No. 7310SC185

(Filed 27 June 1973)

1. Assault and Battery § 16— assault with deadly weapon with intent to kill — no submission of lesser degree of crime — no error

In a prosecution charging defendant with assault with a deadly weapon with intent to kill where the evidence tended to show that defendant deliberately fired his pistol into the face of an officer at point-blank range, even if he may have done so to save his own life

as he contended, the trial court did not err in failing to instruct the jury on the lesser included offense of assault with a firearm resulting in serious bodily injury.

**2. Assault and Battery § 8— instruction on self-defense — no error**

    Where defendant's testimony tended to show that the police officer opened his car door and shoved defendant up against the hood of the car, defendant came up and he and the officer went down on the ground in a struggle, the trial court's instruction on self-defense was proper and the jury clearly understood the applicable law.

APPEAL from *Blount, Judge,* at the 25 September 1972 Session of Superior Court held in WAKE County.

Defendants were tried upon bills of indictment charging them with assault with a deadly weapon with intent to kill, inflicting serious injury.

The evidence for the State tended to show the following. On 3 May 1971 at about 7:00 p.m., Officer George Booth of the Garner police force received a call from the police dispatcher reporting a stolen car. Shortly after that, Officer Booth received a call from a city councilman, whose car was equipped with a police radio, to the effect that he was following a car that matched the description of the stolen car. Since the suspect car was reportedly traveling about 100 miles an hour, Officer Booth answered the radio call quickly, using his siren and blue light. Following the city councilman's directions, Officer Booth proceeded to a residence located on rural paved road 2555 about 200 yards off old Garner Road. He drove into the driveway of this residence at about 7:20 p.m. and observed a parked vehicle that matched the description and license number of the stolen vehicle. At the time Officer Booth drove into the driveway, the defendants and two other men came out of the back door of the house and approached his police car. The men refused to answer Officer Booth's questions, became aggravated and began cursing. They told Officer Booth to leave and threatened to kill him if he didn't. At that time Officer Booth had been in the yard 3 or 4 minutes. He began to back out of the driveway intending to wait for assistance. As he was backing out, Officer Booth picked up the radio microphone and began broadcasting for assistance. Defendant Grady Jones then said "He is using the g . . d . . . radio." Grady Jones ran to the passenger side of the patrol car, jumped in, and grabbed Officer Booth; Jimmy Jones grabbed him from the driver's side and they pulled him from the driver's side of the car. The two pinned him to the ground,

State v. Jones

Grady Jones holding his right arm and Jimmy Jones holding his left arm. One of the defendants fired a .25 caliber automatic pistol point-blank into Officer Booth's face. Officer Booth was shot under the left eye and lost consciousness.

Trooper Weatherly of the State Highway Patrol arrived at the scene shortly after the shooting. Grady Jones told him "I shot him but let's hurry up and get him to the hospital. We will talk about it later." Grady Jones produced the pistol he said he used to shoot Officer Booth. Officer Booth was hospitalized for two months as a result of the shooting and suffered voice damage as a result of the bullet entering his face.

The evidence for the defendants tended to show the following: that when Officer Booth drove into the driveway, he drove up to the back door of the residence; that Mr. Paul Jones, father of the defendants, asked Officer Booth to turn off the blue light of his patrol car and to back the car away from the back door because he didn't want the light and loud noise from the radio to upset his wife, who had a heart condition; that Mr. Paul Jones told Officer Booth he did not know who had been driving the suspect car; that Officer Booth had been asked to leave 8-10 times; that Officer Booth started to back his patrol car up, then got out of his car and pushed Grady Jones up against the hood of the car; that Booth and Grady Jones began to struggle; that Jimmy Jones went between the two and attempted to break it up, but that Grady Jones pushed him back out of the way; that both Booth and Grady Jones fell to the ground; that Booth drew his revolver and pointed it at Grady Jones; that Grady Jones drew his own gun and shot Booth thinking that if he didn't Booth would shoot him; that Jimmy Jones was not involved in the tussle except when he attempted to break it up at its inception; that Officer Booth never advised Grady Jones that he was under arrest; that Grady Jones told Trooper Weatherly that he shot Booth and wanted to get him help as soon as possible.

A jury found defendants guilty as charged. From sentences of active imprisonment, defendants appealed.

*Attorney General Morgan, by Assistant Attorney General Ricks, for the State.*

*Tharrington, Smith & Hargrove, by Roger W. Smith, for defendants.*

BROCK, Judge.

Each defendant assigns as error the trial judge's explanation of the first element of the offense charged against each defendant. We think that the instruction as given leaves something to be desired, but we do not believe the jury was in any way misled. The charge taken as a whole fairly explained to the jury each element of the offense. These assignments of error are overruled.

[1] Defendant Grady Jones assigns as error the Court's failure to instruct the jury on the lesser included offense of assault with a firearm resulting in serious bodily injury. When a lesser included offense is supported by some evidence a defendant is entitled to have the different permissible views arising on the evidence presented to the jury under proper instructions. *State v. Riera*, 276 N.C. 361, 172 S.E. 2d 535 (1970). The presence of such evidence of an offense of lesser degrees is the determinative factor. *State v. Hicks*, 241 N.C. 156, 84 S.E. 2d 545 (1954).

An intent to kill is a mental attitude which ordinarily must be proved by circumstantial evidence. *State v. Cauley*, 244 N.C. 701, 94 S.E. 2d 915. An intent to kill "may be inferred from the nature of the assault, the manner in which it was made, the conduct of the parties, and other relevant circumstances." *State v. Revels*, 227 N.C. 34, 40 S.E. 2d 474.

In the present case, the uncontradicted evidence is that defendant Grady Jones shot Officer Booth at close range in the face. Defendant's version of the shooting is summed up in his testimony as follows: "At that time, I saw there wasn't nothing else for me to do, and Mr. Booth cocked his gun back at that same time. During the course we were weaving back and forth. His gun was cocked. I in turn pulled my gun and shot. I shot him because I believed with all my heart if I had not, I wouldn't be sitting here; I would be dead. He would have likely shot me."

In our view this evidence does not justify submission of the issue of guilt of a lesser included offense. At best, this evidence only requires an instruction on the issue of self-defense. A person who deliberately fires a pistol into the face of his victim at point-blank range must be held to intend the normal and natural results of his deliberate act. The fact that in this case the victim's life was spared may be cause for a salute to medical science, but it hardly changes the intent apparently present when defendant pulled the trigger. We hold this assignment of error to be without merit.

[2] Defendant Grady Jones assigns as error that the court erred in its explanation of the right of self-defense. Defendant testified as to how the altercation began as follows: "But, as Mr. Booth opened his door, he shoved me back up against the hood of the car and I was bent back over the hood of the car, and when I came up, Officer Booth and I went down on the ground in a struggle . . . . " The trial judge gave defendant the full benefit of the above testimony by submitting to the jury the question of self-defense. A reading of the charge as a whole upon the issue of self-defense convinces us that the jury clearly understood the applicable law. This assignment of error is overruled.

A discussion of the several remaining assignments of error would serve no useful purpose. In our opinion defendants had a trial which was free from prejudicial error.

No error.

Judges HEDRICK and VAUGHN concur.