STATE OF NORTH CAROLINA v. RAYMOND GLENN, III

No. 8013SC1104

(Filed 5 May 1981)

1. **Criminal Law § 26.5– two offenses arising from one transaction – no double jeopardy**

Defendant was not subjected to double jeopardy where he was charged and convicted of assault with a deadly weapon with intent to kill inflicting serious injury and attempt to commit first degree rape, though both crimes arose from the same series of events, since each offense charged included an element not common to the other offense; and the State did not use exactly the same evidence to establish both offenses in that defendant had already completed an attempt to commit first degree rape when the victim temporarily escaped and ran to the front of the store where the crimes occurred, and it was only after this when defendant caught the victim, told her he would kill her, and stabbed her in the throat that evidence arose to support a conviction of an assault with a deadly weapon with intent to kill inflicting serious injury.

State v. Glenn

2. Criminal Law § 75.9– defendant's spontaneous statement in police custody – admissibility

The trial court did not err in refusing to grant defendant's motion to suppress a statement made by him while in police custody where two officers were in the police car at the time defendant made his statement; both testified that they did not question defendant about the incident, but that he spontaneously stated, "I did not kill that woman. I just went in to find out where [the store owner] was"; the only other evidence on voir dire was defendant's testimony that he was questioned, threatened with an overnight lockup in jail if he refused to talk, and promised freedom by the officers if he would answer their questions; and the evidence was undisputed that defendant had previously conferred with an attorney and that he had been advised to speak with no one about the incident.

3. Assault and Battery § 16.1– instruction on lesser offense not required

In a prosecution of defendant for assault with a deadly weapon with intent to kill inflicting serious injury, defendant was not entitled to an instruction on assault with a deadly weapon inflicting serious injury since the State's evidence tended to show that defendant stated his intention to kill his victim and then brutally stabbed her in the throat in such a manner as to establish a readily apparent intent to kill; defendant's evidence tended to establish that he was not even at the crime scene on the day of the incident; and there was therefore no evidence to support an instruction on the lesser offense of assault with a deadly weapon inflicting serious injury.

APPEAL by defendant from *Braswell, Judge.* Judgments entered 16 July 1980 in Superior Court, COLUMBUS County. Heard in the Court of Appeals 13 March 1981.

The defendant, Raymond Glenn, III, was charged in separate indictments with (1) assault with a deadly weapon with intent to kill inflicting serious injury; and (2) attempt to commit first-degree rape. He was convicted by a jury as charged and appeals from judgments imposing consecutive prison terms.

The State's evidence tended to show that Wanda Gail Jolly went to her job in a Tabor City shoe store on the morning of Easter Monday, 7 April 1980. At about 8:30, defendant entered the store and asked Mrs. Jolly when her employer would arrive at the store. She responded to defendant that her employer would get to work around 9:00 o'clock. A few minutes later Mrs. Jolly noticed that defendant had still not left the store, so she approached him to determine if he wished to buy a pair of shoes. He grabbed her, put his hand over her mouth, and dragged her into an office in the rear of the store. He informed Mrs. Jolly of his intention to have sexual relations with her. He then pulled a knife and stabbed Mrs. Jolly. She escaped from defendant and

ran toward the front of the store, but defendant caught her and stabbed her several more times. At one point he told Mrs. Jolly he was going to kill her and stabbed her in the throat, working the knife downward, then using his finger to pry the wound even farther open. At this point she became limp and pretended to be dead, whereupon defendant left the store. When Mrs. Jolly heard the defendant leave, she went to the store next door to get help.

Defendant's evidence tended to show that he lived almost a mile from the shoe store and was at home at the time of the attack on Mrs. Jolly. He also presented extensive evidence of his good character.

*Attorney General Edmisten by Associate Attorney R. Darrell Hancock for the State.*

*Williamson, Walton and Williamson by C. Greg Williamson for defendant appellant.*

CLARK, Judge.

[1] Defendant's first assignment of error is to the trial court's refusal to require the State to elect to try defendant on only one of the two indictments on the grounds that both indictments arose out of the same criminal act and consisted of the same elements such that trial on both charges violated constitutional proscriptions against double jeopardy. This argument is without merit. One of the elements of the offense of assault with a deadly weapon with intent to kill inflicting serious injury is the *intent to kill.* G.S. 14-32(a). This element is not required for conviction under G.S. 14-27.6 for an attempt to commit first-degree rape. Similarly, the intent to force another to "engage in vaginal intercourse," see G.S. 14-27.2, is a necessary element of attempt to commit first-degree rape under G.S. 14-27.6, but is not an element of assault with a deadly weapon with intent to kill inflicting serious bodily injury under G.S. 14-32(a). Since each offense included an element not common to the other offense, the defendant cannot complain that he was punished twice for the same conduct. *See State v. Evans,* 40 N.C. App. 730, 253 S.E. 2d 590 (1979). "A single act may be an offense against two statutes, and if each statute requires proof of an additional fact, which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution

and punishment under the other." *State v. Stevens*, 114 N.C. 873, 877, 19 S.E. 861, 862 (1894), *quoted with approval in State v. Birckhead*, 256 N.C. 494, 124 S.E. 2d 838, 6 A.L.R. 3d 888 (1962); *State v. Revell*, 301 N.C. 153, 270 S.E. 2d 476 (1980).

We note also that the two convictions, while arising from the same series of events, do relate to separate actions by defendant. Defendant had already completed an attempt to commit first-degree rape when Mrs. Jolly temporarily escaped and ran to the front of the store. It was only after this, when defendant caught her, told her he would kill her, and stabbed her in the throat, twisting the knife and spreading the wound by forcing his fingers into the wound, that evidence arose to support a conviction of an assault with a deadly weapon *with intent to kill* inflicting serious injury. Prior to that point the evidence supports an intention on defendant's part to rape Mrs. Jolly, not to kill her. Thus, the State did not use exactly the same evidence to establish both offenses. *See State v. Revell, supra.* We overrule defendant's assignment of error based on double jeopardy.

[2] Defendant next argues the trial court erred in refusing to grant his motion to suppress a statement made by defendant while in police custody. The record contains the *voir dire* testimony of two of the officers who were in the police car at the time defendant made the statement. Both testified that they did not question defendant about the incident, but that defendant spontaneously stated, "I did not kill that woman. I just went in to find out where Larry [the store owner] was." The only other evidence on *voir dire* was defendant's testimony that he was questioned, threatened with an overnight lockup in jail if he refused to talk, and promised by the officers that if he would answer their questions, the officers would "get me off that case and let me go home free." The evidence was undisputed that defendant had previously conferred with an attorney and that he had been advised to speak with no one about the incident. Based upon the foregoing, we conclude that the trial court's finding that the statement was voluntarily given, and was not the result of government elicitation, is supported by ample, competent evidence and should be upheld. *State v. Blackmon*, 280 N.C. 42, 185 S.E. 2d 123 (1971); *State v. Johnson*, 272 N.C. 239, 158 S.E. 2d 95 (1967). This assignment of error is overruled.

[3]  Defendant's third argument is that he was entitled to an instruction on assault with a deadly weapon inflicting serious injury, because that is a lesser included offense of assault with a deadly weapon with intent to kill inflicting serious injury. *Compare* G.S. 14-32(a) *with* G.S. 14-32(b). "The trial court need not submit a lesser included offense where there is no evidence to support such a verdict." *State v. Roper*, 39 N.C. App. 256, 258, 249 S.E. 2d 870, 871 (1978). The evidence of the State tended to show that the defendant stated his intention to kill Mrs. Jolly and then brutally stabbed her in the throat in such a manner as to establish a readily apparent intent to kill. *See State v. Jones*, 18 N.C. App. 531, 197 S.E. 2d 268, *cert. denied*, 283 N.C. 756, 198 S.E. 2d 726 (1973). The defendant's evidence tended to establish that he was not even in the shoe store on the day of the incident. On the evidence at trial, the jury had only two choices: either to believe defendant and find him innocent of all charges, or to believe the State and find him guilty of assault *with the intent to kill*. We hold that defendant was not entitled to an instruction on a lesser included offense.

We have examined the charge and find that the judge fairly charged the jury giving equal stress to the contentions of both sides and accurately instructed on the applicable law.

No error.

Judges ARNOLD and MARTIN (Harry C.) concur.