STATE OF NORTH CAROLINA v. JOEL ROY BLACKWOOD

No. 8221SC325

(Filed 21 December 1982)

1. **Searches and Seizures § 43— affidavit not supporting motion to suppress—denial proper**

    The trial court properly refused to grant defendant's written pretrial motion to suppress items taken pursuant to a search warrant where defendant submitted an affidavit in support of his motion which contained no facts relevant to the seizure of the items. G.S. 15A-977(a), (c)(2).

2. **Searches and Seizures § 43— denial of oral motion at trial to suppress evidence—no new facts subsequent to pre-trial motion to suppress—refusal proper**

    The trial court did not err in refusing to hear defendant's oral motion at trial to suppress certain evidence where defendant did not claim the discovery of additional pertinent facts subsequent to the pre-trial denial of his motion to suppress. G.S. 15A-975(c).

3. **Constitutional Law § 48— failure to attach factually sufficient affidavit to pre-trial motion to suppress—no ineffective assistance of counsel**

    The record did not support defendant's contention that he was denied his Sixth Amendment constitutional right to effective assistance of counsel where he did not have a factually sufficient affidavit to his pre-trial motion to suppress.

4. **Criminal Law § 92.2— consolidation of related charges proper**

    There was no error in the consolidation of two counts of felonious possession with intent to sell or deliver marijuana where both charges clearly related to a series of connected acts and transactions.

State v. Blackwood

5. **Criminal Law § 138— Fair Sentencing Act—aggravating and mitigating circumstances—unsupported by evidence—contradictory**

   The trial court erred in the sentencing phase of defendant's trial by finding as aggravating factors that defendant (1) "did not at any time [offer] assistance to the arresting officers or the District Attorney" and (2) "did not offer aid in the apprehension of other felons" since the record contained no evidence of any affirmative action by defendant to hinder efforts by the arresting officers or the district attorney and since assisting in the aid and apprehension of other felons necessitates implicating himself in unlawful activities. Further, the court's findings concerning defendant's prior convictions were contradictory.

APPEAL by defendant from *Walker, H. H., Judge.* Judgments entered 9 November 1981 in Superior Court, FORSYTH County. Heard in the Court of Appeals 15 October 1982.

Defendant appeals from judgments of imprisonment entered upon jury verdicts of guilty of two counts of felonious possession with intent to sell or deliver marijuana. A co-defendant appealed separately. *See State v. Thobourne,* 59 N.C. App. 584, 297 S.E. 2d 774 (1982).

*Attorney General Edmisten, by Associate Attorney Walter M. Smith, for the State.*

*H. Glenn Davis for defendant appellant.*

WHICHARD, Judge.

[1] Defendant first contends the court erred in refusing to grant his written pretrial motion to suppress, *inter alia,* items taken pursuant to a search warrant from two motel rooms which defendant allegedly had occupied. This evidence led to one of defendant's convictions for felonious possession of marijuana with the intent to sell or deliver.

G.S. 15A-977(a) requires that a pretrial motion to suppress be in writing and accompanied by an affidavit containing facts supporting it. The court may summarily deny the motion if the "affidavit does not as a matter of law support the ground alleged." G.S. 15A-977(c)(2).

Defendant submitted an affidavit which contained no facts relevant to the seizure of marijuana from the motel rooms. The affidavit related solely to the seizure of marijuana from a truck defendant was driving, which seizure led to defendant's other con-

viction for felonious possession with intent to sell or deliver mari-
juana. We thus find no error in the court's summary denial of
defendant's pretrial motion to suppress items seized from the
motel rooms. *See State v. Satterfield,* 300 N.C. 621, 625, 268 S.E.
2d 510, 513-14 (1980); *State v. Smith,* 50 N.C. App. 188, 189-90, 272
S.E. 2d 621, 622-23 (1980).

[2]  Defendant next assigns error to the refusal to hear his oral
motion at trial to suppress the marijuana seized from the motel
rooms. He had made the above-referred-to pretrial motion to sup-
press, *inter alia,* this same evidence, and his motion was denied.

The court may allow a defendant to renew at trial a motion
to suppress denied before trial "upon a showing by the defendant,
that additional pertinent facts have been discovered by the de-
fendant which he could not have discovered with reasonable
diligence before the determination of the motion," and if the mo-
tion could not be renewed before trial due to the "time of
discovery of alleged new facts." G.S. 15A-975(c). *See State v. Sat-
terfield, supra,* 300 N.C. at 625, 268 S.E. 2d at 514. Defendant has
the burden of establishing that his motion to suppress is timely
and proper in form. *Id.* at 625, 268 S.E. 2d at 513-14.

Defendant here does not claim the discovery of additional
pertinent facts subsequent to the pretrial denial of his motion to
suppress. The court thus properly refused to hear his oral
renewal of the motion at trial.

[3]  Defendant next contends the failure of his trial counsel to at-
tach a factually sufficient affidavit to his pretrial motion to sup-
press constitutes denial of his constitutional right to effective
assistance of counsel.

The sixth amendment does not guarantee "errorless counsel."
*State v. Sneed,* 284 N.C. 606, 612, 201 S.E. 2d 867, 871 (1974). "The
Courts . . . have consistently required a stringent standard of
proof on the question of whether an accused has been denied Con-
stitutionally effective representation." *Id.* at 613, 201 S.E. 2d at
871. A criminal defendant is not denied his constitutional right to
counsel unless it is established that "the attorney's representa-
tion is so lacking that the trial has become a farce and a mockery
of justice." *Id.* at 612, 201 S.E. 2d at 871; *accord, State v. Hutch-
ins,* 303 N.C. 321, 335, 279 S.E. 2d 788, 797 (1981). There are no

fixed rules for determining when the foregoing test is satisfied. The totality of circumstances in each individual case must be examined. *Hutchins, supra,* 303 N.C. at 336, 279 S.E. 2d at 798.

The alleged failure of defense counsel here to submit a supporting affidavit containing sufficient factual allegations did not render the trial "a farce and a mockery of justice." *Hutchins* and *Sneed, supra.* We note that the record contains no suggestion of any supporting facts which defense counsel should have known and included in the affidavit.

Defendant further argues that, because the insufficiency of the affidavit is attributable to error of counsel, "in the best interest and protection of the rights of the accused, the [c]ourt should have heard evidence on the motion to suppress the contraband in the motel." Although "[i]t is the duty of the trial judge . . . to see that the essential rights of an accused are preserved," the judge should not interfere in the attorney-client relationship " '[i]n the absence of such gross incompetence or faithlessness of counsel as should be apparent to the trial judge and thus call for action by him.' " *State v. Sneed, supra,* 284 N.C. at 614-15, 201 S.E. 2d at 872-73, *quoting United States v. Handy,* 203 F. 2d 407, 427 (3d Cir. 1953). The record here contains no suggestion of "gross incompetence or faithlessness of counsel." The court thus properly declined to hear evidence on defendant's motion to suppress.

[4] Defendant next contends the introduction of the large quantity of marijuana seized from the two motel rooms prejudiced him in his trial on the charge stemming from the seizure of a much smaller quantity of marijuana from the truck he was driving. He presumably asserts error in the consolidation for trial of the two charges against him.

When a defendant is charged with two or more offenses that "are based on the same act or transaction or on a series of acts or transactions connected together or constituting parts of a single scheme or plan," consolidation is authorized in the discretion of the court. G.S. 15A-926(a). Both charges here stem from defendant's possession with intent to sell marijuana within a limited geographical area and period of time. The charges clearly related to a series of connected acts and transactions, and there was no abuse of discretion in their consolidation. *See State v. Greene,* 294

N.C. 418, 241 S.E. 2d 662 (1978); *see also State v. Anderson,* 281 N.C. 261, 264-65, 188 S.E. 2d 336, 339 (1972).

[5] Defendant finally assigns error to the court's consideration of mitigating and aggravating circumstances at the sentencing stage. He first contends the court improperly found as aggravating factors that defendant (1) "did not at any time [offer] assistance to the arresting officers or the District Attorney," and (2) "did not offer aid in the apprehension of other felons."

In addition to specified factors which must be considered, the sentencing judge "may consider any aggravating and mitigating factors that he finds are proved by the preponderance of the evidence, and that are reasonably related to the purposes of sentencing." G.S. 15A-1340.4(a). It is error, however, to consider factors such that "the severity of the sentence imposed relate[s] to the defendant's plea of not guilty." *State v. Bright,* 301 N.C. 243, 261, 271 S.E. 2d 368, 379 (1980). "Defendant had the right to plead not guilty, and he should not and cannot be punished for exercising that right." *State v. Boone,* 293 N.C. 702, 712-13, 239 S.E. 2d 459, 465 (1977).

At the sentencing hearing the district attorney requested that the court find as an aggravating factor that defendant "did not voluntarily acknowledge any wrongdoing to law enforcement officers at the arrest or . . . in the early stage of the proceedings or later." Clearly, if the court had considered defendant's failure to "acknowledge any wrongdoing" it would have impermissibly punished defendant for his not-guilty plea. The court altered the district attorney's suggested language, however, and found instead that defendant failed to "[offer] assistance" to authorities. The record contains no evidence of any affirmative action by defendant to hinder efforts by the arresting officers or the district attorney. What assistance defendant could have offered that would not have required an acknowledgement of his own wrongdoing is not readily apparent. Consideration of this factor thus potentially infringes impermissibly on defendant's right to plead not guilty. Similarly, insofar as defendant's failure to aid in the apprehension of other felons necessitates implicating himself in unlawful activities, consideration of such failure to offer aid is impermissible.

Further, the court found as an aggravating factor that "defendant has a prior conviction or convictions for criminal offenses punishable by more than 60 days' confinement," but also found as a mitigating factor that "defendant has no record of criminal convictions or a record consisting solely of misdemeanors punishable by not more than 60 days' imprisonment." The record does not establish which of these contradictory findings is erroneous, but one or the other has to be.

Because of consideration of impermissible factors, and the finding of contradictory factors, the case is remanded for resentencing.

No error in the trial; remanded for resentencing.

Judges MARTIN (Robert M.) and ARNOLD concur.