STATE OF NORTH CAROLINA v. EDITH SUE THOMAS

No. 8321SC81

(Filed 20 December 1983)

1. Criminal Law § 9— aiding and abetting sale and delivery of marijuana—sufficiency of evidence

The evidence was sufficient to support defendant's conviction of felonious sale and delivery of marijuana on the theory that one who aids or abets another in the commission of a crime is guilty as the principal where the evidence tended to show that (1) defendant was present at the scene, (2) she was a friend of the perpetrator who actually sold the marijuana to two undercover police officers, and (3) immediately following the sale of some LSD, she volunteered to the officers in the perpetrator's presence that the perpetrator had some marijuana. Even though defendant may not have explicitly encouraged the perpetrator to sell the marijuana, her conduct was sufficient to support a finding that she aided and abetted in the sale of marijuana to the officer.

2. Criminal Law § 88.3— cross-examination concerning persuasion by officers to accompany them to scene of crime—objection properly sustained

In a prosecution for felonious sale and delivery of marijuana, the trial court properly excluded testimony elicited on cross-examination which tended to show that two undercover officers persuaded defendant to introduce them to someone who could sell them LSD and marijuana rather than stay at home with a little boy since defendant's conviction rested on evidence of her conduct while present at the scene of the transaction and testimony concerning how defendant came to be at the scene was simply not relevant.

APPEAL by defendant from *Rousseau, Judge.* Judgment entered 14 October 1982 in Superior Court, FORSYTH County. Heard in the Court of Appeals 29 September 1983.

On 16 August 1982, defendant was charged in separate indictments with three counts of felonious sale and delivery of a con-

trolled substance. Two counts involved the alleged sale and delivery of marijuana on 24 February 1982 and again on 15 April 1982. The remaining count involved the alleged sale and delivery of LSD on 15 April 1982. At her arraignment, defendant pleaded not guilty to all charges. On 14 October 1982, the District Attorney dismissed the charges alleging sale and delivery of marijuana on 24 February 1982. Defendant was tried before a jury on the remaining two charges.

The State's evidence tended to show the following:

Defendant's arrest occurred in connection with an undercover investigation by officers Hall and Wiggins of the Stokes County and Forsyth County Sheriff's Departments. The officers, working undercover, first met defendant in March of 1982. Without disclosing that they were law enforcement officers, they asked for and received defendant's help in locating individuals from whom they could purchase drugs.

On 15 April 1982, the undercover officers asked defendant to go with them for the purpose of introducing them to one Jim Dearman, an acquaintance of defendant's, so that the officers could purchase some LSD from him. Defendant accompanied the officers to a house where they met Dearman. Defendant told Dearman that the officers wanted to purchase some LSD. Dearman sold the LSD to the officers. Defendant then told the officers that Dearman also had some marijuana. The officers indicated to Dearman that they wanted to buy some marijuana as well. Dearman sold the marijuana to the officers.

The officers took defendant back home and did not see her again until she was arrested on 25 June 1982. The substances purchased from Dearman were analyzed and found to be LSD and marijuana.

At the close of the State's evidence, defendant's motion to dismiss the charges on the grounds that the evidence was insufficient was denied.

Defendant presented no evidence and renewed her motion to dismiss, which was again denied. The jury returned verdicts of not guilty as to felonious sale and delivery of LSD but guilty of felonious sale and delivery of marijuana. Defendant was sen-

tenced to two years imprisonment. From judgment entered on the verdict, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Marilyn R. Rich, for the State.*

*Davis and Harwell, by Fred R. Harwell, for defendant appellant.*

EAGLES, Judge.

[1] Defendant excepts to and assigns as error the denial by the trial court of her motion to dismiss the charges against her. Defendant was found not guilty of felonious sale and delivery of LSD. Denial of the motion with respect to the charge of felonious sale and delivery of marijuana is the issue now before the court. Defendant contends that the State's evidence was insufficient to sustain her conviction and that the charge should therefore not have been submitted to the jury.

It is clear from the briefs and the record that defendant was tried on the theory that one who aids or abets another in the commission of a crime is guilty as a principal. *E.g., State v. Walden,* 306 N.C. 466, 293 S.E. 2d 780 (1982) (child abuse); *State v. Benton,* 276 N.C. 641, 174 S.E. 2d 793 (1970) (murder; accessory before the fact); *see generally* 4 N.C. Index 3d, Criminal Law § 9.2 (1976). With respect to this theory, defendant contends that the evidence of her conduct during the transaction in question was insufficient to support a finding that she aided or abetted Dearman in the sale of marijuana to officers Wiggins and Hall and that her motion to dismiss should have been granted. We disagree.

In a motion to dismiss, the question presented is whether the evidence is legally sufficient to support a verdict of guilty on the offense charged, thereby warranting submission of the charge to the jury. *State v. Cooper,* 275 N.C. 283, 167 S.E. 2d 266 (1969). In order to withstand a motion to dismiss, the State's evidence as to each element of the offense charged must be substantial. *State v. Irwin,* 304 N.C. 93, 282 S.E. 2d 439 (1981); *State v. Smith,* 40 N.C. App. 72, 252 S.E. 2d 535 (1979). Substantial evidence in this context means more than a scintilla. *Id.; see State v. Weinstein,* 224 N.C. 645, 31 S.E. 2d 920, 156 A.L.R. 625 (1944) *cert. denied sub nom. Weinstein v. State,* 324 U.S. 849 (1945) (same test in motion

for nonsuit). The evidence, considered in the light most favorable to the State and indulging every inference in favor of the State, must be such that a jury could reasonably find the essential elements of the crime charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, *reh. denied*, 444 U.S. 890 (1979); *State v. Jones*, 303 N.C. 500, 279 S.E. 2d 835 (1981).

Here, there is no question that a sale of marijuana from Dearman to the officers took place on 15 April 1982 and that defendant was present at the scene. In order to support a conviction on a theory of aiding or abetting, there must be substantial evidence that defendant's conduct amounted to more than mere presence at the scene. *State v. Aycoth*, 272 N.C. 48, 157 S.E. 2d 655 (1967). The defendant must also have the intent to aid or abet. *State v. Sanders*, 288 N.C. 285, 218 S.E. 2d 352 (1975), *cert. denied sub nom. Sanders v. North Carolina*, 423 U.S. 1091 (1976). However, presence at the scene need be accompanied only by circumstantial evidence in order to permit the inference that a person aided and abetted the commission of the offense. "The communication or intent to aid, if needed, does not have to be shown by express words of the defendant, but may be inferred from his actions and his relation to the actual perpetrators." *Id.* at 291, 218 S.E. 2d at 357. In some circumstances, presence alone may be sufficient to permit the inference that the defendant aided or abetted. *E.g.*, *State v. Walden, State v. Sanders*, both *supra; State v. Rankin*, 284 N.C. 219, 200 S.E. 2d 182 (1973); *State v. Williams*, 225 N.C. 182, 33 S.E. 2d 880 (1945).

In this case, the evidence shows (1) that defendant was present at the scene, (2) that she was a friend of the perpetrator, and (3) that, immediately following the sale of LSD, she volunteered to the officers in Dearman's presence that Dearman had some marijuana. Even though defendant may not have explicitly encouraged Dearman to sell the marijuana, her conduct is clearly sufficient to support a finding that she aided and abetted in the sale of marijuana to the officers.

In further support of her first assignment of error, defendant contends that the evidence is insufficient to support the finding that a sale and delivery of a controlled substance actually occurred. Defendant points out that no marijuana was offered as evidence by the State and that there was no proof that the sub-

stance found by the laboratory to be marijuana was the same substance sold by Dearman to the officers. This contention is without merit. In order to support a conviction for sale and delivery of a controlled substance, the State needs only to establish that a controlled substance was transferred. *State v. Salem*, 50 N.C. App. 419, 274 S.E. 2d 501 (1981), *disc. rev. denied*, 302 N.C. 401, 279 S.E. 2d 355 (1981). Here, the State's evidence shows all that is necessary to establish the transaction between Dearman and the officers. Any weaknesses or doubts inferable from the failure to produce the marijuana in court are to be raised on cross-examination. Defendant's first assignment of error is overruled.

[2] In her second assignment of error, defendant contends that the trial court erroneously sustained objections to certain questions posed by her attorney in his cross-examination of Officer Wiggins. Defendant's assignment is based on the following exchange:

MR. HARWELL [Defendant's attorney]: Couldn't you have left Edith Thomas at home that day?

OFFICER WIGGINS: No sir, I could not.

MR. HARWELL: You were compelled to take Edith Thomas with you on the fifteenth of April over to James Dearman's—

MR. WALKER: Objection.

THE COURT: Sustained.

MR. HARWELL: Why couldn't you leave her at home?

OFFICER WIGGINS: She made the statement she couldn't go unless this kid went with us.

MR. HARWELL: Why didn't you leave her and the child at home?

OFFICER WIGGINS: We needed her to introduce us back into James Dearman.

MR. HARWELL: So, it was more important for you to get that introduction that it was to think about the safety of that little boy?

MR. WALKER: Objection.

THE COURT: Sustained.

Defendant argues that the excluded testimony was relevant to her defense because it tended to show that she would not have been present at the scene of the crime without having been persuaded by the officers to accompany them. This contention is without merit.

The question before the trial court was whether defendant aided or abetted in the sale of marijuana to Officers Wiggins and Hall on 15 April 1982. Defendant's conviction rests on evidence of her *conduct while present at the scene of the transaction.* Testimony concerning how defendant came to be at the scene is simply not relevant; she was always free not to engage in the conduct that led to her conviction. Defendant has failed to show how the excluded testimony bears any logical relation to the issue before the trial court or how its exclusion was prejudicial to her defense. We hold that the trial court's evidentiary rulings on this question were correct and that the testimony was properly excluded. *See State v. Adams,* 299 N.C. 699, 264 S.E. 2d 46 (1980) (testimony in a rape case that an intersection was busy and victim could have screamed for help held not relevant where not related to the time of the offense). *See generally* Brandis N.C. Evidence § 77 (1982). Defendant's second assignment of error is therefore overruled. In the trial of this defendant we find

No error.

Judges ARNOLD and WELLS concur.