STATE OF NORTH CAROLINA v. L. J. GREEN

No. 9030SC467

(Filed 15 January 1991)

1. **Assault and Battery § 85 (NCI4th) — secret assault — sufficiency of evidence**

     Evidence was sufficient to be submitted to the jury in a prosecution for secret assault where it tended to show that the victim was wounded by someone he could not see; he called for defendant who then came out of the woods with a .357 magnum rifle, fired at the victim four more times, striking him at least twice; the victim had earlier brought an action against defendant for allowing cattle to graze on his land; the victim and defendant did not get along; the victim observed defendant running into the woods but did not know what de-

STATE v. GREEN

[101 N.C. App. 317 (1991)]

fendant was doing at the time; and the victim testified that he did not know why defendant wanted to shoot him.

**Am Jur 2d, Assault and Battery § 107.**

2. **Criminal Law § 1086 (NCI4th)— multiple offenses—same mitigating and aggravating factor in each case—no error**

The trial court could properly sentence defendant on all charges by finding the same mitigating and aggravating factor in each case.

**Am Jur 2d, Assault and Battery § 108; Criminal Law §§ 598, 599.**

APPEAL by defendant from judgment entered 18 January 1990 by *Judge Claude S. Sitton* in HAYWOOD County Superior Court. Heard in the Court of Appeals 14 November 1990.

On 17 January 1990, a jury convicted defendant of secret assault in violation of N.C. Gen. Stat. § 14-31, assault with a deadly weapon with intent to kill inflicting serious injury in violation of § 14-32(a), discharging a firearm into an occupied vehicle in violation of § 14-34.1 and assault with a deadly weapon in violation of § 14-33(b)(1). For each offense, the trial court found the aggravating factor that defendant had a prior conviction or convictions for criminal offenses punishable by more than 60 days' confinement, and the mitigating factor that defendant was a person of good character or had a good reputation in the community. The trial court found that the aggravating factor outweighed the mitigating factor for each offense and sentenced defendant to a total of 36 years in prison and a two year suspended sentence with five years supervised probation.

Defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General D. Sigsbee Miller and Special Deputy Attorney General Elisha H. Bunting, Jr., for the State.*

*Elmore & Powell, P.A., by Bruce Elmore, Sr.; and Clarke Wittstruck, for defendant-appellant.*

STATE v. GREEN

[101 N.C. App. 317 (1991)]

ORR, Judge.

Defendant assigns 13 errors on appeal. For the following reasons, we find that defendant received a trial free from prejudicial error.

The following facts are pertinent to this case on appeal. On 13 August 1989, the victims, Edwin and Betty Allison, drove to their 245-acre tract of land to water their goats. Their land is located in a remote area of Haywood County near Jonathan Creek. In order to reach their property, they had to pass defendant's house on the main road at the foot of a hill.

As the Allisons drove to their property, they passed through a gate located on adjoining property. The gate was surrounded by thick vegetation. When the Allisons arrived at their property, they found that two water buckets and a solar fence unit were missing, and also discovered several boys drinking beer. The boys left the premises when the Allisons drove up. The Allisons followed the boys off the property and noticed that when the boys arrived at the gate, they pulled the metal post out of the ground, drove through and sped away. The Allisons then drove to a store and purchased a bucket. They returned to their property to water the goats and they noticed that the gate was in the same condition as it had been when they drove through it after the boys.

After they watered their goats, they drove back to the gate. Mr. Allison testified that he noticed that some treated lumber and a pipe had been placed against the gate which would require him to get out of his truck and open the gate. He also noticed additional "suspicious" tire tracks. Mr. Allison then observed defendant "humped over running over in the woods" near the gate.

When the Allisons reached the gate, Mr. Allison got out of his truck and reached down to open the gate. As he did, he heard what sounded like a small caliber gun discharge. As he pulled the gate open, he heard a second shot. He walked back to his truck to get his .22 caliber automatic pistol which he kept in the truck. He returned to the gate post and then heard a high powered rifle shot as he was struck in the left arm. He was then struck by another bullet in the shoulder and arm. Mr. Allison then got behind his truck and yelled for defendant to come out of the woods. Defendant then came out of the bushes and shot at least four more times at Mr. Allison. At least two of defendant's shots went through the truck where Mrs. Allison was located.

Mr. Allison got his gun to his wife who then fired in defendant's direction. Defendant fled the scene, and Mr. Allison jumped into his truck and drove away. Mrs. Allison was later able to get her husband to the passenger side of the vehicle in order to drive him to the hospital.

Defendant was located several days later in an adjoining county and arrested. At trial, Mr. Allison testified that he had prosecuted defendant in 1988 for letting his livestock roam on the Allison's property.

I.

[1] Defendant first argues that the trial court erred in denying defendant's motion to dismiss because there was insufficient evidence to establish each element of each of the charges against him. In his brief, defendant combined four assignments of error but argued only the sufficiency of the evidence to support the charge of secret assault (assignment of error nine).

Under Rule 28(b)(5) of the N.C. Rules of Appellate Procedure, when a party fails to cite authority in support of an assignment of error, the party abandons that assignment of error. N.C.R. App. P. 28(b)(5); *Byrne v. Bordeaux*, 85 N.C. App. 262, 354 S.E.2d 277 (1987). Therefore, we find that defendant has abandoned assignments of error six, seven and eight. We now turn to whether the evidence was sufficient to support the charge of secret assault.

In ruling on a motion to dismiss, the trial court must view the evidence in the light most favorable to the State and determine if a jury could reasonably find the essential elements of the crime charged beyond a reasonable doubt. *State v. Thomas*, 65 N.C. App. 539, 541-42, 309 S.E.2d 564, 566 (1983) (citations omitted). In order to withstand such motion, the State must provide substantial evidence of each element of the offense charged, which, in this context, is defined as more than a scintilla. *Id.*

The crime of secret assault is defined as:

§ 14-31. Maliciously assaulting in a secret manner.

If any person shall in a secret manner maliciously commit an assault and battery with any deadly weapon upon another by waylaying or otherwise, with intent to kill such other person, notwithstanding the person so assaulted may have been

conscious of the presence of his adversary, he shall be punished as a Class F felon.

N.C. Gen. Stat. § 14-31 (1986).

Under this statute, the State must prove that the defendant (1) acted in a secret manner, (2) with malice, (3) perpetrated an assault and battery, (4) with a deadly weapon, and (5) with intent to kill. *State v. Hill*, 287 N.C. 207, 216-17, 214 S.E.2d 67, 74 (1975).

In the present case, the State presented sufficient evidence that after Mr. Allison was wounded by someone he could not see, he called for defendant. Defendant came out of the woods with a rifle and shot at Mr. Allison four more times. This is sufficient evidence to go to the jury on the elements of assault and battery with a deadly weapon.

The element of intent to kill may be inferred from the manner in which the defendant made the assault, the nature of the assault, the conduct of the parties and other relevant circumstances. *State v. White*, 307 N.C. 42, 49, 296 S.E.2d 267, 271 (1982). This Court has held that one who deliberately fired a pistol into his victim's face at close range had the requisite intent to kill, even though the victim did not die. *State v. Jones*, 18 N.C. App. 531, 534, 197 S.E.2d 268, 270, *cert. denied*, 283 N.C. 756, 198 S.E.2d 726 (1973). In the case *sub judice*, there was sufficient evidence that defendant fired a .357 magnum rifle several times at Mr. Allison, striking him at least twice. Therefore, we find that the jury could infer defendant's intent to kill from these facts.

Moreover, we find that there was sufficient evidence of defendant's malice and secret manner. Malice may be shown by evidence of ill will, hatred or animosity. *State v. Miller*, 189 N.C. 695, 128 S.E. 1 (1925). Mr. Allison testified that he had brought an action against defendant in 1988 for allowing cattle to graze on his land without his consent, and that he had warned defendant not to kill a deer and bring it across his property. Defendant also testified that he and Mr. Allison had problems, and that they did not get along. This evidence tended to show that defendant was motivated by animosity or ill will.

Regarding defendant's "secret manner," the victim does not have to be aware of the defendant's presence, but it is necessary that the victim not know the defendant's purpose. *State v. Oxendine*, 187 N.C. 658, 122 S.E. 568 (1924). Here, Mr. Allison testified that

he observed defendant running into the woods and did not know what defendant was doing at the time. He also testified that he did not know why defendant wanted to shoot him. We find this sufficient to meet the secret manner element of this crime. Based upon the above evidence, we find that the State presented sufficient evidence to meet all elements of secret assault.

II.

[2] Defendant's next assignments of error concern whether the trial court abused its discretion in sentencing defendant on all charges by finding the same mitigating and aggravating factor in each case. We hold that the trial court did not err.

Under the Fair Sentencing Act, N.C. Gen. Stat. § 15A-1340.4, the trial court must consider all mitigating and aggravating factors before imposing a sentence other than the presumptive term. *State v. Parker*, 315 N.C. 249, 254, 337 S.E.2d 497, 500 (1985). The same aggravating factor may be used for more than one conviction. *State v. McCullers*, 77 N.C. App. 433, 335 S.E.2d 348 (1985).

If the trial court imposes a sentence greater than the presumptive term for any conviction, it must consider each of the aggravating and mitigating factors under the Fair Sentencing Act for each of defendant's convictions, and make written findings of fact concerning the factors and whether one set of factors outweighs the other. *State v. Melton*, 307 N.C. 370, 298 S.E.2d 673 (1983); *State v. Wood*, 61 N.C. App. 446, 300 S.E.2d 903, *disc. review denied*, 308 N.C. 547, 302 S.E.2d 884 (1983). It is within the trial court's discretion to determine the weight given to each aggravating or mitigating factor. *State v. Teague*, 60 N.C. App. 755, 300 S.E.2d 7 (1983).

Moreover, once the trial court determines that an aggravating factor outweighs a mitigating factor, it is within the sound discretion of the trial court to decide the extent to which the sentence may exceed the presumptive term. *State v. Canty*, 321 N.C. 520, 364 S.E.2d 410 (1988); *State v. Freeman*, 313 N.C. 539, 330 S.E.2d 465 (1985). Upon appellate review, this Court reviews only errors of law. *State v. Hinnant*, 65 N.C. App. 130, 308 S.E.2d 732 (1983), *cert. denied*, 310 N.C. 310, 312 S.E.2d 653 (1984).

In the present case, the trial court consolidated all charges for trial, but imposed separate judgments and sentences for each crime for which defendant was convicted. The trial court found

the same aggravating factor and mitigating factor, found that the aggravating factor outweighed the mitigating factor in each case, and entered appropriate written findings to this effect. The trial court then sentenced defendant to terms greater than the presumptive sentence, but not beyond the maximum sentence for each offense. We hold that the trial court's actions in the case *sub judice* are well within the above principles of law. Therefore, we find no error.

Defendant's remaining assignments of error concern whether the trial court erred in admitting and excluding certain testimony of Mr. Allison, and other witnesses. We have reviewed these assignments of error and find them to be without merit.

For the above reasons we find that the trial court did not err.

No error.

Judges PHILLIPS and GREENE concur.