STATE v. HARRINGTON

[118 N.C. App. 306 (1995)]

---

STATE OF NORTH CAROLINA v. CLARENCE ELVIS HARRINGTON

No. 939SC1117

(Filed 21 March 1995)

**Criminal Law § 1115 (NCI4th)— providing false alibi to investigating officer—finding of nonstatutory aggravating factor proper**

Though the Court of Appeals recommends caution against the unwarranted use of the nonstatutory aggravating factor of providing a false alibi to law enforcement officers with investigative jurisdiction, the factor was properly considered in sentencing defendant for second-degree murder where it was supported by a preponderance of the evidence and fell within the stated purpose of sentencing to punish the offender with the degree of severity his culpability merited.

**Am Jur 2d, Criminal Law §§ 598, 599.**

Appeal by defendant from judgment entered 30 June 1993 by Judge Anthony M. Brannon in Warren County Superior Court. Heard in the Court of Appeals 30 August 1994.

*Attorney General Michael F. Easley, by Assistant Attorney General Patsy Smith Morgan, for the State.*

*J. Henry Banks for defendant-appellant.*

JOHN, Judge.

Defendant was indicted on a charge of first degree murder. On 8 March 1993, he pled guilty to second degree murder in exchange for his testimony in cases against any co-defendants and dismissal of

STATE v. HARRINGTON

[118 N.C. App. 306 (1995)]

charges of conspiracy to commit murder and armed robbery. No specific sentence was agreed upon in connection with the plea arrangement.

On 30 June 1993, the trial court found a statutory and a non-statutory factor in aggravation of sentence and a statutory factor in mitigation. After determining the aggravating factors outweighed those in mitigation, the court subsequently enhanced the presumptive term of 15 years and imposed a sentence of 28 years.

Defendant maintains the trial court erred by finding the following non-statutory aggravating factor: "defendant freely and voluntarily and willfully and knowingly made a false fictitious and fraudulent statement (a false alibi) to an investigating officer with [j]urisdiction, in the course of the criminal investigation. [*See U.S. v. Rogers*, 466 U.S. 475, 80 L. Ed. 2d 492 (1984)]." We hold the court did not err.

A sentencing court is required to consider the statutory list of aggravating and mitigating factors, *see* N.C. Gen. Stat. § 15A-1340.4 (1988), before imposing a sentence other than the presumptive term for a particular offense, to make written findings of fact concerning the factors, and to determine whether one set outweighs the other or whether they are counterbalanced. *State v. Green*, 101 N.C. App. 317, 322, 399 S.E.2d 376, 379, *supersedeas denied and temporary stay denied*, 328 N.C. 335, 400 S.E.2d 449 (1991). Moreover, the court may consider, in its discretion, those non-statutory aggravating and mitigating factors which are "reasonably related to the purposes of sentencing and supported by a preponderance of the evidence . . . ." *State v. Flowe*, 107 N.C. App. 468, 471-72, 420 S.E.2d 475, 477, *disc. review denied*, 332 N.C. 669, 424 S.E.2d 412 (1992).

In the case *sub judice*, defendant does not contend the non-statutory factor of providing a false alibi to law enforcement officers with investigative jurisdiction is not supported by a preponderance of the evidence. Indeed, he refers several times in his appellate brief to the "false alibi given by the [d]efendant."

Moreover, the record also reflects uncontroverted evidence in support of the court's finding. Richard Sims, assistant supervisor of the North Carolina State Bureau of Investigation, testified about his initial pre-arrest interview with defendant. Sims stated *inter alia:*

> COURT: On what occasion did you first talk to [the defendant], I believe is counsel's question.

WITNESS: When we first talked to him, he stated on the date of the killing he was at Loretha Durham's trailer all day, he did not go anywhere, and stayed there all day and all night.

COURT: He gave you an alibi the first time?

WITNESS: Yes, sir.

COURT: You didn't have him up with charges then?

WITNESS: No, sir.

COURT: He just walked out?

WITNESS: Plus, we were unsure of his identification. It was just like I stated before; he said his name was Troy Durham, and we weren't sure his name was Clarence Elvis Harrington until after—after he left.

Once defendant was extradited from New York on 9 February 1993 pursuant to an arrest warrant issued by the State of North Carolina, he gave a second statement to law enforcement officers. Sims testified about that interview as follows:

Q: Prior to the time you talked with [the defendant], did you advise him of his rights?

A: Yes, sir.

Q: And I believe he indicated to you, did he not, Mr. Sims, that he also went into the dwelling of [the victim]?

A: That is what he stated; yes, sir.

Q: And what was his version as to how [the victim] was shot?

A: His version was similar to [his co-defendant's], except Mr. Harrington stated that he went through the back door, and that [his co-defendant] shot [the victim].

Because the factor is supported by the evidence, therefore, our inquiry is focused upon whether it falls within a stated purpose of sentencing.

The goal of sentencing is to punish the offender with the degree of severity his or her culpability merits. *State v. Flowers*, 100 N.C. App. 58, 63, 394 S.E.2d 296, 300 (1990). Our General Assembly codified this principle in N.C. Gen. Stat. § 15A-1340.3 (1988) which states:

The primary purposes of sentencing a person convicted of a crime are to impose a punishment commensurate with the injury the offense has caused, taking into account factors that may diminish or increase the offender's culpability; to protect the public by restraining offenders; to assist the offender toward rehabilitation and restoration to the community as a lawful citizen; and to provide a general deterrent to criminal behavior.

In *Roberts v. United States*, 445 U.S. 552, 63 L. Ed. 2d 622 (1980), the United States Supreme Court held the trial court properly considered as a factor in sentencing the defendant's refusal to cooperate with law enforcement officials investigating a criminal conspiracy in which he was a confessed participant. In *Roberts*, the defendant refused to divulge the names of drug suppliers. *Id.* at 554-55, 63 L. Ed. 2d at 627. The Court emphasized that

[c]oncealment of crime has been condemned throughout our history. The citizen's duty to "raise the 'hue and cry' and report felonies to the authorities" was an established tenet of Anglo-Saxon law at least as early as the 13th century. . . . This deeply rooted social obligation is not diminished when the witness to crime is involved in illicit activities himself. Unless his silence is protected by the privilege against self-incrimination, the criminal defendant no less than any other citizen is obliged to assist the authorities. . . . By declining to cooperate, [defendants reject] an "obligatio[n] of community life" that should be recognized before rehabilitation can begin.

*Id.* at 557-58, 63 L. Ed. 2d at 629 (citations omitted). The Court further noted that even *Roberts* did "not seriously contend that disregard for the obligation to assist in a criminal investigation is irrelevant to the determination of an appropriate sentence." *Id.* at 559, 63 L. Ed. 2d at 629.

More significantly, the federal court in *United States v. Ruminer*, 786 F.2d 381, 385 (10th Cir. 1986), found relevant to sentencing not only the general failure to "cooperate with officials," but the "affirmative misconduct" of suggesting "false leads in a purposeful attempt to hinder the investigation," and commented that such conduct "was more egregious than the defendant's conduct in *Roberts.*" Providing a false alibi is indisputably analogous to the furnishing of false leads. *See also State v. Whitaker*, 110 N.M. 486, 490, 797 P.2d 275, 279, *cert. denied*, 109 N.M. 631, 788 P.2d 931 (1990) (defendant's attempt to escape punishment by blaming another person for crime is evidence

of bad character and "probative of defendant's prospects for rehabilitation").

We are cognizant that in *State v. Blackwood*, 60 N.C. App. 150, 154, 298 S.E.2d 196, 199-200 (1982), this Court held consideration of the non-statutory factor that defendant "did not at any time [offer] assistance to the arresting officers or the District Attorney . . . potentially infring[ed] impermissibly upon defendant's right to plead not guilty," and was therefore improper. However, *Blackwood* is distinguishable in that the defendant herein actively proffered a false alibi (and indeed a false name) to law enforcement officers and was not simply exercising his rights to remain silent or to plead not guilty. The *Blackwood* Court itself pointed out that the record therein contained "no evidence of any affirmative action by defendant to hinder efforts by the arresting officers or the district attorney." *Id.*

In support of his argument, defendant relies heavily upon the decision of our Supreme Court in *State v. Vandiver*, 321 N.C. 570, 364 S.E.2d 373 (1988). In that case, the Court held perjury may not constitute a non-statutory aggravating factor in North Carolina because "a trial judge's determination of the factor is basically dependent upon his subjective evaluation of the defendant's demeanor . . . ." *Id.* at 574, 364 S.E.2d at 375. Particularly in view of the uncontroverted evidence before the trial court, we perceive no risk in the case *sub judice* that the trial court exercised any "subjective evaluation" in determining that the defendant had given a false alibi to law enforcement officers. Nonetheless, we recommend caution against the unwarranted use of this non-statutory factor. *See Vandiver*, 321 N.C. at 573, 364 S.E.2d at 375 (noting that a prior decision approving use of perjury as a sentencing factor had warned trial courts to "exercise extreme caution" and refrain from use of the factor "except in the most extreme case") (quoting *State v. Thompson*, 310 N.C. 209, 227, 311 S.E.2d 866, 876 (1984)); *see also State v. Baucom*, 66 N.C. App. 298, 301-02, 311 S.E.2d 73, 75 (1984) (trial judges reminded that "only one factor in aggravation is necessary to support a sentence greater than the presumptive term," and that they "may wish to exercise restraint when considering non-statutory aggravating factors after having found statutory factors").

Defendant also asserts two additional assignments of error, but fails to provide any argument or authority in support thereof. Under our appellate rules, "[a]ssignments of error . . . in support of which no

reason or argument is stated or authority cited, will be taken as abandoned," N.C.R. App. P. 28(b)(5) (1994), and "[w]e have consistently interpreted this rule as requiring a question to be both presented *and argued* in the appellant's brief." *Liggett Group v. Sunas*, 113 N.C. App. 19, 29, 437 S.E.2d 674, 681 (1993) (emphasis in original). Accordingly, defendant's final two arguments are deemed abandoned.

Affirmed.

Judges EAGLES and ORR concur.

Judge ORR concurred prior to 5 January 1995.