TYSON, Judge.
James Lindell Setzer, Jr., ("defendant") was convicted of assault with a deadly weapon with intent to kill inflicting serious injury on 29 November 2000. He was sentenced to an active term of imprisonment of sixty to eighty-one months. His petition for writ of certiorari was allowed by this Court on 27 February 2003. We find no error.
I. Background
The State's evidence tended to show that at approximately 4:45 p.m. on 7 December 1999, defendant was stopped in a line of traffic at a traffic light on Marietta Street in Gastonia waiting to make a left turn onto Franklin Boulevard. A van operated by Wanda Green ("Green") was traveling in the opposite direction and stopped tomake a left turn into the parking lot of the First Union Bank located at the corner of Marietta Street and Franklin Boulevard. Defendant's vehicle blocked Green's access. Green unsuccessfully requested defendant to move his vehicle forward in order to make the turn. The operator of the vehicle behind defendant's vehicle motioned to Green to make the turn in front of her vehicle. As Green made the turn, her vehicle scraped against a curb as she entered the parking lot of First Union Bank. Green observed Brian Holley ("Holley") standing behind an automobile in the First Union Bank's parking lot. Green lowered her window and explained to Holley what happened. Holley looked toward the street, turned, and resumed what he was doing. Green then heard a gunshot and saw Holley collapse.
Holley testified that he was unloading food from the trunk of his vehicle when he heard a noise. He turned around and saw Green's vehicle entering the parking lot. Green lowered her window and stated that a motorist was rude for not allowing her to turn. He looked toward the street and saw a man, whom he later identified as defendant, seated in a car at the traffic light. Defendant possessed a gun and asked Holley whether he had "a problem" or "something to say." Stunned, Holley turned around and resumed taking out bags of food. As he started around his car, a bullet struck him in the upper buttock and he collapsed to the ground. He underwent emergency surgery at Gaston Memorial Hospital to repair damage to his stomach, colon, and intestines caused by the bullet. Holley wore a colostomy bag for four months and had surgery a fewmonths later to remove part of his colon. He could not eat or drink for weeks. As of the time of trial, Holley continued to experience digestive problems.
Vernon Polson ("Polson"), a nationally registered paramedic, testified that he responded to a dispatch of a shooting at the First Union Bank. Upon arriving at the scene, he found Holley lying on the ground. Holley had lost a significant amount of blood due to a gunshot wound. Polson and a fellow paramedic stopped the bleeding and transported Holley to Gaston Memorial Hospital. Polson testified Holley's injuries were "definitely life threatening."
Three days later defendant voluntarily appeared, accompanied by his father, at the police station and confessed to shooting a man at the First Union Bank. Defendant and his father retrieved the .38 caliber pistol defendant used from his automobile. Defendant stated that after Green's vehicle turned into the parking lot, a man in the parking lot looked back at him, pointed, and turned back to the trunk of his vehicle. Not knowing what the man was getting out of the trunk, defendant shot Holley.
Defendant testified that he was waiting to make a left turn when the operator of a van made a left turn into the parking lot of the First Union Bank. He glanced over and saw the driver of the van talking to Holley, whom he had never met. Holley pointed at defendant and then opened the trunk of his vehicle. These actions "spooked" defendant. Thinking Holley was going for a weapon, defendant fired his pistol. Defendant testified that he did notintend to shoot or kill Holley. After a jury's verdict and judgement of the trial court, defendant appeals.
II. Issue
The sole issue presented is whether the trial court erred by denying defendant's motion to dismiss at the close of all the evidence.
III. Motion to Dismiss
In deciding a motion to dismiss, the court must consider all of the evidence in the light most favorable to the State, giving it the benefit of every reasonable inference that may be drawn from the evidence. State v. Brown, 310 N.C. 563, 566, 313 S.E.2d 585, 587 (1984). Contradictions and discrepancies in the evidence are to be disregarded and left for resolution by a jury. State v. Powell, 299 N.C. 95, 99, 261 S.E.2d 114, 117 (1980). The trial court determines whether substantial evidence establishes each element of the offense charged and identifies the defendant as the perpetrator. State v. Earnhardt, 307 N.C. 62, 65-66, 296 S.E.2d 649, 651 (1982).
IV. Assault With a Deadly Weapon With Intent to Kill Inflicting Serious Injury
The elements of the offense of assault with a deadly weapon with intent to kill inflicting serious injury are: (1) an assault; (2) with a deadly weapon; (3) an intent to kill; and (4) infliction of a serious injury not resulting in death. State v. James, 321 N.C. 676, 687, 365 S.E.2d 579, 586 (1988). Defendant does not dispute that a deadly weapon was used or that Holley suffered lifethreatening injuries. Defendant contends no evidence establishes the third element, i.e., that he had the intent to kill Holley.
"An intent to kill is a mental attitude, and ordinarily it must be proved, if proven at all, by circumstantial evidence, that is, by proving facts from which the fact sought to be proven may be reasonably inferred." State v. Cauley, 244 N.C. 701, 708, 94 S.E.2d 915, 921 (1956). Facts to be considered include the injury inflicted, the nature of the assault, the character of the weapon used, and other surrounding circumstances. State v. White, 307 N.C. 42, 49, 296 S.E.2d 267, 271 (1982). The evidence at bar, viewed in the light most favorable to the State, shows that defendant deliberately fired a .38 caliber pistol at Holley and inflicted life-threatening injury requiring emergency surgery. A person who deliberately fires a pistol at a person "must be held to intend the normal and natural results of his deliberate act." State v. Jones, 18 N.C. App. 531, 534, 197 S.E.2d 268, 270, cert. denied, 283 N.C. 756, 198 S.E.2d 726 (1973). Defendant's assignment of error is overruled.
V. Conclusion
Defendant's testimony that he did not intend to kill Holley merely created a conflict in the evidence for the jury to resolve. The trial court properly denied defendant's motion to dismiss and submitted the issue to the jury. We find no error in the trial court's rulings or defendant's conviction and the judgment entered.
No error.
Judges WYNN and GEER concur. Report per Rule 30(e).